PEOPLE *v.* QUINTARD BROWN

ROBBERY — ARMED ROBBERY — EVIDENCE — DISPLAYING UNADMITTED
  EVIDENCE.

  A mistrial was not required even though the prosecution had
    present in the courtroom a shotgun, and the prosecution failed
    to lay a proper foundation for the shotgun's admission into
    evidence where the defendant, charged with armed robbery,
    admitted that the shotgun was like the one used in the com-
    mission of the crime, but the defendant denied he par-
    ticipated in the crime, because the only issue was whether
    the defendant participated in the armed robbery.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 March 10, 1971, at Detroit.
(Docket No. 8171.) Decided March 30, 1971. Leave
to appeal denied, 385 Mich 757.

Quintard Brown was convicted of robbery armed.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*Ackerman & Stockler* (by *Edward J. Wick*), for
defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 459.

Before: Danhof, P. J., and McGregor and Levin, JJ.

Per Curiam. After a trial by jury the defendant was convicted of robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). The defendant contends that the trial court erred in denying his motion for a mistrial.

The motion for a mistrial was based on the alleged prejudice caused by the presence of a sawed-off shotgun in the courtroom even though the gun was never admitted into evidence. The prosecution's chief witness identified the gun as similar to one used in the holdup, but when an objection was made to its admission into evidence the prosecutor withdrew his motion that the gun be admitted. The motion was not renewed. The defendant admitted that he was at the scene when the crime was committed and that a sawed-off shotgun was used by the holdup men, but denied that he participated in the commission of the crime.

Under the circumstance that a shotgun like the one exhibited to the jury was used in the commission of the crime was not disputed, the issue being whether the defendant participated in committing the crime, the people's failure to lay a proper foundation for the admission of the gun into evidence did not require the granting of a mistrial. Thus, we find no reversible error.

Affirmed.