### PEOPLE *v* WRIGHT

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Dᴇғᴇɴᴅᴀɴᴛ Tᴇsᴛɪғʏɪɴɢ—Pʀɪᴏʀ Cʀɪᴍɪɴᴀʟ Rᴇᴄᴏʀᴅ —Aʀʀᴇsᴛs Wɪᴛʜᴏᴜᴛ Cᴏɴᴠɪᴄᴛɪᴏɴs.

A prosecutor's three times asking a defendant charged with attempted larceny whether he had been charged with and convicted of attempted larceny was improper where the defendant denied that he had been convicted of attempted larceny, and the record showed that defendant at the time named by the prosecutor had been convicted of being a disorderly person; however, the improper inquiry did not constitute reversible error where defense counsel made no objection to the cross-examination and the error did not prejudice defendant in that he admitted to being convicted of a larceny on another occasion.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Dᴇғᴇɴᴅᴀɴᴛ Tᴇsᴛɪғʏɪɴɢ—Exᴀᴍɪɴᴀᴛɪᴏɴ ʙʏ Cᴏᴜʀᴛ.

Questioning of a defendant by the court as to why the defendant ran away from the scene of the crime, an attempted larceny, if defendant had done nothing wrong, was within the discretion of the trial judge and not error.

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Iᴅᴇɴᴛɪғɪᴄᴀᴛɪᴏɴ—Assɪsᴛᴀɴᴄᴇ ᴏғ Cᴏᴜɴsᴇʟ.

Police officers' returning defendants to the scene of an attempted larceny from a motor vehicle immediately after the crime had been committed for the purpose of witness-identification did

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 320 *et seq;* 1089.
[2] 53 Am Jur, Trial § 75.
[3] 21 Am Jur 2d, Criminal Law § 314.

What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation. 31 ALR 3d 565.

Accused's right to counsel under the federal constitution.—Supreme court cases. 18 L Ed 2d 1420.

Comment note.—necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

not violate the defendant's right to counsel because the procedure was a reasonable police practice and the identification was an in-the-field type of identification.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 December 9, 1971, at Grand Rapids. (Docket No. 10389.) Decided February 23, 1972. Leave to appeal denied, 388 Mich 758.

Jess Wright was convicted of attempted larceny from a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *John A. Engman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and V. J. Brennan, JJ.

V. J. Brennan, J. Defendant and a codefendant were tried and convicted by a jury of an attempted[1] larceny from a motor vehicle.[2] The circumstances leading up to defendant's arrest are as follows: an office worker observed two men attempting to break into the trunk of a company-owned car which was parked outside the worker's window. He and another worker then left the office and began to chase the two men who had been attempting to break into the automobile. The chase led past a

[1] MCLA 750.92; MSA 28.287.
[2] MCLA 750.356(a); MSA 28.588(1).

Grand Rapids policeman patrolling in a police car. The office workers informed the policeman of the incident, and he promptly broadcast a description of the two individuals he had seen fleeing. This officer apprehended one of the individuals shortly thereafter, and a nearby police officer, who had heard the radio description, apprehended another individual. Both men were then returned to the scene of the attempted breaking where they were identified on the basis of the similarity of their apparel.

At his trial, the defendant claimed he was at the scene of the incident, and was chased by the office workers, but maintained that two similarly-dressed men actually committed the crime. From his conviction, defendant appeals as of right, and makes three allegations of error.

Defendant's first allegation of error is that the following cross-examination by the prosecutor constituted an improper inquiry into the defendant's prior criminal record:

"*Q.* Have you ever been arrested and convicted before?

"*A.* I have never been convicted, I have been arrested.

"*Q.* Ever been convicted?

"*A.* I did eight months before then I was sentenced to 30 days more.

"*Q.* What was that for?

"*A.* Sir, assault with a shotgun.

"*Q.* On a police officer, right?

"*A.* Yes.

"*Q.* Ever been arrested and convicted of any other crimes?

"*A.* Curfew, I was picked up for curfew and I had one charge dropped on me.

"*Q.* Is that it?

"*A.* That is all I can remember.

"*Q. Do you remember July 19, 1967, being arrested for attempted larceny and being convicted for that crime?*

"*A. I never been convicted on a larceny.*

"*Q. Do you recall being sentenced $15 and costs or 30 days?*

"*A. Yes, that was for the judge said because the woman we disturbed or something she hollered or something.*

"*Q. The charge was attempted larceny, wasn't it?*

"*A. No, he broke it down to disturbing the peace.*

"*Q. You recall being arrested October 18, 1969 for larceny under $100 in the City of Wyoming, being convicted for that?*

"*A. Yes.*" (Emphasis Added.)

Since neither party favored the court with an authoritative explanation of just what transpired between the defendant and the minions of the law on July 19, 1967, we have caused the relevant records to be examined. The fruit of this investigation substantiates defendant's testimony. He was charged and convicted of being a "disorderly person" under a City of Grand Rapids ordinance. The record used by the prosecutor for his cross-examination of the defendant was erroneous regarding the events of July 19, 1967. Therefore that portion of the cross-examination which suggested that defendant had been charged with an attempted larceny constitutes error.

However, we do not find such error reversible, for the following two reasons: (1) defense counsel made no objection at the time of the cross-examination, and this Court has so frequently stated that it will only consider alleged errors which have not been preserved by objection on unusual occasions that no citation is necessary, and (2), we do not feel the error was prejudicial in that defendant

admitted to being convicted of larceny on another occasion.

Defendant's second allegation of error is that the following examination of the defendant by the court was improper:

"*Q.* [*The Court*]: Why did you run away if you didn't do anything, why did you run?

"*A.* [*The defendant*]: I guess because he was hollering at us.

"*Q.* 'Um?

"*A.* I guess because he was hollering at us.

"*Q.* You guess because someone yelled at you?

"*A.* Yes.

"*Q.* Is that the reason you ran?

"*A.* We would have been picked up anyway if we stayed.

"*Q.* I didn't ask you that, is that the reason you ran?

"*A.* Yes, that is the reason we ran."

We find this allegation to be without substance. A similar line of questioning by the trial court was ruled to be within the judge's discretion in *People v Otis Dumas,* 25 Mich App 535 (1970).

Defendant's final allegation of error is that his return to the scene of the incident and his identification by the witnesses to the incident violated the rules of *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), in that defendant did not have counsel available at the time. This Court has held that the requirement of counsel at an identification does not apply where the identification is an "in-the-field" type and is reasonable police practice. *People v Hutton,* 21 Mich App 312 (1970). We hold that in this case the return of the defendants to the scene was a reasonable police practice and accordingly we find no error.

Affirmed.

All concurred.