PEOPLE v MARTIN

1. CRIMINAL LAW—PRETRIAL CONFRONTATION—RIGHT TO COUNSEL.

All pretrial identification-confrontations do not require the presence of counsel; a dividing line is drawn between those confrontations which are "reasonable", notwithstanding an absence of counsel, and those which require the presence of counsel because the investigation has ceased to be a general investigation of an unsolved crime and the defendant has become the accused.

2. CRIMINAL LAW—PRETRIAL CONFRONTATION—RIGHT TO COUNSEL.

A sidewalk identification-confrontation instigated by a rape victim who, three days after the crime, saw and recognized defendant as the rapist when he entered a cafe, did not require the presence of defense counsel, where the general police investigation of the unsolved crime had not led to the defendant in any way and the informal confrontation resulted in the immediate extinction of a case against an innocent bystander from the cafe whom the police had first brought out of the cafe as fitting the description given by the victim.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 May 8, 1972, at Detroit. (Docket No. 12232.) Decided July 26, 1972.

William D. Martin was convicted of carnal knowledge of a female under the age of 16 years. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 313, 314.

29 Am Jur 2d, Evidence § 371.

Admissibility of evidence as to extrajudicial or pretrial identification of accused, 71 ALR2d 449.

Accused's right to assistance of counsel at or prior to arraignment, 5 ALR3d 1269.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Benita P. Teschendorf,* for defendant on appeal.

Before: DANHOF, P. J., and LEVIN and BORRA-DAILE,* JJ.

PER CURIAM. The defendant was convicted by a jury of carnal knowledge of a female under 16 years of age, MCLA 750.520; MSA 28.788. He was sentenced to a term of 7-1/2 to 20 years in prison.

On appeal the defendant argues that he was denied his constitutional right to counsel at a lineup, citing *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), and that the lineup was so unnecessarily suggestive and conducive to irreparable mistaken identity as to deny the defendant due process of law, citing *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). The people contend that the defendant was not placed in a lineup and so the *Wade* and *Stovall* cases do not apply.

At the time set for the trial, defense counsel moved for the first time to exclude the victim's identification testimony claiming that it resulted from an illegal street lineup. An evidentiary hearing was held at which only the defendant and an acquaintance, Walter L. Spencer, testified. Both said that on May 27, 1970, they were in the Starlight Cafe shooting pool when two policemen entered and asked four people including the defendant to step outside. The defendant claimed

---

* Probate judge, sitting on the Court of Appeals by assignment.

that the officers put handcuffs on him *before* he was taken outside the cafe where the victim was waiting to identify her attacker. The defendant said that all four men taken outside stood together in a line. He also said that they were dressed alike. Spencer testified that the defendant was not placed in handcuffs until *after* the victim identified him outside the cafe. Spencer said that the four men stood together on the street. He stated that all four were black but that they were dressed differently.

At the conclusion of the hearing the judge noted the differences in the testimony and said that he believed the testimony that the men brought out were similarly dressed, but that he didn't think that there was a showup. He thought the police were merely bringing people out of the cafe who fitted the description given by the victim so that she could identify which one should be arrested. The judge refused to rule on the motion but said that the defendant could reserve it until after the people had presented their case. Defense counsel did not renew the motion.

At the trial the victim testified that three days after the defendant had forcibly raped her she saw him enter the cafe. She went home and told her aunt, Mrs. Wilson. The aunt saw police officer Alonzo Cowans, Jr., on the street and told him where the defendant was and what he was wearing.

Both Officer Cowans and Sergeant Johnson testified that they entered the Starlight Cafe and brought out a man fitting the description given by Mrs. Wilson. When the victim said that was not the man, he was taken back inside and the defendant was brought out. He was positively identified by the victim. A search of the defendant disclosed

a .38-caliber gun on his person which was the same type of gun as that used to threaten the victim while she was being raped.

The victim testified that although the defendant placed a pillow over her face while he raped her three times, she saw his face twice, once when he turned the light on by her bed to look at items he was going to take and again when he came through the hall. She described her attacker to the police officer investigating her rape complaint as a Negro male, approximately 27 to 28, six feet tall, 200 pounds, wearing a levi jacket, blue jeans, medium complexion and medium natural.

If the defendant was placed in a police lineup, he was entitled to representation by a lawyer. *United States v Wade, supra.* However, in *People v Hutton,* 21 Mich App 312 (1970), *leave to appeal denied* 383 Mich 796 (1970), this Court said that not all pretrial confrontations require the presence of counsel. It stated the problem as being one of determining a dividing line between those confrontations which might be characterized as "reasonable", notwithstanding an absence of counsel, and those which required the presence of counsel. It then adopted the view that when an investigation had ceased to be a general investigation of an unsolved crime and the defendant had become the accused, he had a right to the presence of counsel. In the *Hutton* case the defendant, after being arrested, informed of his rights, taken into custody, and booked, was viewed by a witness through a one-way glass panel at the police station. In holding that such identification-confrontation was a "critical stage" in the proceedings at which Hutton was entitled to counsel, this Court took special note of the fact that the confrontation occurred at the police station at the direct in-

stance of the police, that it was not an on-the-spot identification, that the viewing was by design not happenstance, and that there was no necessity for an immediate confrontation. Further, the Court said that the purpose of the confrontation at the police station was to build a case against the accused by eliciting identification evidence, not to extinguish a case against an innocent bystander.

By contrast the identification-confrontation in this case was not a police-station viewing staged for the purpose of identifying as the perpetrator of the crime the person upon whom the police investigation had focused. It was a sidewalk confrontation instigated by the victim and was necessary in order for the police to know whom they should arrest. Until the victim identified the defendant, he was not the accused. The general police investigation of the unsolved rape had not led to the defendant in any way. Additionally, the informal confrontation did result in the immediate extinguishment of a case against an innocent bystander from the cafe. We do not think it would be reasonable to require counsel at this type of pretrial confrontation, and we do not think that *United States v Wade, supra,* requires it.

Therefore, we hold that the trial court did not err in finding that there had been no lineup, and that the defendant was not entitled to the presence of a lawyer when confronted by the victim outside the cafe. See *Dozie v State,* 49 Wis 2d 209; 181 NW2d 369 (1970). Further, we hold that there was no error in the implied finding that the identification-confrontation was not impermissibly suggestive.

Affirmed.