PEOPLE v FOSTER

PEOPLE v McKNIGHT

1. CRIMINAL LAW—JOINT DEFENDANTS—SEVERANCE—DISCRETION—
   STATUTES.

   Severance of the trial of a criminal defendant from that of
   another defendant is within the discretion that the Legislature
   has vested in the trial court (MCLA 768.5).

2. ROBBERY—ARMED ROBBERY—FAIR TRIAL—PROSECUTOR'S CONDUCT—
   APPEAL AND ERROR—PRESERVING QUESTION.

   Defendants' claim that a prosecutor's display to the jury in a trial
   for armed robbery of a weapon never admitted into evidence
   denied them a fair and impartial trial was not preserved for
   appeal where the defendants never objected at trial to the
   manner in which the prosecutor utilized the exhibit and did not
   ask for a cautionary instruction; a cautionary instruction would
   have been sufficient to cure the error especially since the
   central issue of the case was not the use of the weapon in the
   robbery, but rather the participation of the defendants in it.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICE—OBJECTION—
   INSTRUCTIONS TO JURY.

   A prosecutor's remarks during cross-examination of the complain-
   ant by defense counsel and during the prosecutor's closing
   argument were not so prejudicial as to require reversal of
   defendants' convictions where the defendants' objection to the
   remarks were sustained by the trial court and prompt instruc-
   tions were given to the jury to disregard the remarks.

4. CRIMINAL LAW—MISTRIAL—FAIR TRIAL.

   The test for a defendant's mistrial motion in a criminal prosecu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 127.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3, 5] 63 Am Jur 2d, Prosecuting Attorneys § 27.
[4] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.
[6] 21 Am Jur 2d, Criminal Law § 333 *et seq.*

tion is not whether there were some irregularities at trial but instead whether the defendant had a fair and impartial trial.

5. CRIMINAL LAW—PROSECUTOR'S REMARKS—COLLATERAL MATTERS—
   MISTRIAL—FAIR TRIAL.

   A prosecutor's remark regarding the failure of a defendant to show up for proceedings in a prior criminal matter after the defendant's prior criminal record had already been covered on direct examination was improper because it concerned a collateral matter, but the remark did not make a mistrial necessary where the instructions of the court were sufficient to inform the jury on how to evaluate what was presented to them; the remark did not deny the defendants a fair and impartial trial.

6. CRIMINAL LAW—IDENTIFICATION—RIGHT TO COUNSEL—IN-THE-FIELD
   IDENTIFICATION.

   An in-the-field identification conducted within the course of or immediately following a criminal episode is a well-recognized exception to the requirement that counsel be present at pre-trial confrontations.

Appeals from Recorder's Court of Detroit, Hazen R. Armstrong, J. Submitted Division 1 October 8, 1973, at Detroit. (Docket Nos. 14501, 16504.) Decided January 15, 1974. Leave to appeal applied for.

Conrad A. Foster and Debra McKnight were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther* and *Gerard A. Poehlman,* Assistant Prosecuting Attorneys, for the people.

*Irving Tukel,* for defendant Foster on appeal.

*Frederick B. Bellamy,* for defendant McKnight on appeal.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

LESINSKI, C. J. Defendants, in a joint jury trial, were convicted of armed robbery. MCLA 750.529; MSA 28.797. Both appealed but since the appeals were not timely filed, this Court treated them as applications for delayed appeal. The applications were granted and the appeals were consolidated. The defendants now raise several assignments of error, none of which require reversal.

The defendants first state that the trial court erred when it denied a motion to sever the trial of defendant McKnight from that of defendant Foster. It is not clear from the record that this motion was ever made. Even granting, however, that this motion may have been placed before the court during the discussion of other motions, we still find no error. Under the facts of the instant case, the denial of severance would have been within the discretion that the Legislature has vested in the trial court. MCLA 768.5; MSA 28.1028.

The defendants next allege that the actions of the prosecutor denied them a fair and impartial trial. While not condoning all the conduct of the prosecutor, we find in reviewing the record no reversible error.

The first action of the prosecutor alleged as error is the display to the jury of a weapon which was never admitted into evidence. At the outset we note that the defendants never objected at trial to the manner in which the prosecutor utilized the exhibit. They also did not ask for a cautionary instruction. The proper steps for preserving the issue for appeal, therefore, were not taken. Absent such preservation of the issue, we do not feel that this record presents facts which would mandate our consideration of the alleged error. *Cf. People v*

*Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970). A cautionary instruction would have been sufficient to cure the error especially since the central issue of the case was not the use of the weapon in the robbery but rather the participation of the defendants in it. See *People v Quintard Brown,* 32 Mich App 189; 188 NW2d 246 (1971).

Four assignments of error all involve statements of the prosecutor which allegedly prejudiced the defendants. The first occurred in the following exchange during cross-examination of the complainant:

"*Q.* Where do you live, Mr. James?

"*Prosecutor:* Your Honor, I don't think he should have to answer that question. *There is some possibility that Mr. James might be intimidated."* (Emphasis added.)

The defendants' objection was sustained by the court and a prompt instruction was given to disregard the remark. Under these circumstances, we find no reversible error. *People v Hill,* 28 Mich App 502; 184 NW2d 572 (1970); *People v Wolke,* 10 Mich App 582; 159 NW2d 882 (1968).

The same is true of the issue raised with respect to a later remark of the prosecutor. During his closing argument, the prosecutor said:

"Now, we had a lot of conflicting testimony as to the extent of where the crime happened and where the police were driving and where they were. But, the way I get it it was at Lafayette and Townsend. Their home which is at 1038 Gladwyn, the corner or just off the corner of Lafayette and Gladwyn. *Agnes and Gladwyn were the streets that the arrest was made on, away from the home and not in the direction of the bar."* * (Emphasis supplied.)

---

* Although the lower court record at this point reads as quoted, a review of the rest of the record reveals that the proper spelling of the street must be "Baldwin".

The defendants objected saying that the relative position of the above locations was not in evidence and that the remark could have a very prejudicial effect in view of their alibi defense. The objection was sustained by the court and a prompt instruction was given to disregard the statement of the prosecutor. Again we find no reversible error.

The next statement of the prosecutor occurred during the cross-examination of one of the defendants:

*"Q.* According to your record you did not show up the day you were scheduled for the UDAA, stealing of an automobile."

Although the defendant's prior criminal record had already been covered on direct examination, the prosecutor should not have inquired about the above collateral matter. The remark does not, however, make a mistrial necessary.

The test for a mistrial motion is "not whether there were some irregularities but instead did the defendants have a fair and impartial trial". *People v Watson,* 307 Mich 596, 606; 12 NW2d 476, 480 (1943); citing *People v O'Hara,* 278 Mich 281, 306–307; 270 NW 298, 307 (1936). In our opinion the remarks of the prosecutor did not deny the defendants a fair and impartial trial and it was not error, therefore, to deny the motion for a mistrial. The instructions of the court were sufficient to inform the jury on how to evaluate what was presented to them. If the defendants desired either an immediate cautionary instruction or further final instruction to the jury, a request should have been made. See *People v Peck,* 39 Mich App 150; 197 NW2d 346 (1972).

The final statement of the prosecutor assigned as error was part of his closing argument:

"A couple of questions should be in your mind as to actions on the part of the defendants that they did not commit the crime. *If they did not commit the crime, why would the police take them into the precinct* and why would she throw money on the ground?" (Emphasis added.)

No objection was made to this remark. Any prejudice resulting from the remark could have been cured by appropriate court instruction had defendants objected and we therefore decline to reverse on this issue. *People v Plozai,* 50 Mich App 131; 212 NW2d 721 (1973). See also cases cited therein.

Defendants next allege that the identification procedure followed in the instant case violated the rules of *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). *Wade,* however, does not require the presence of counsel at all pretrial confrontations. *People v Hutton,* 21 Mich App 312; 175 NW2d 860 (1970). An in-the-field identification conducted within the course of (or immediately following) a criminal episode is a well-recognized exception. *People v Wright,* 38 Mich App 427; 196 NW2d 839 (1972); *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973); *People v Hutton, supra.*

In the instant case, the police officers had to make a difficult determination. Even after finding the complainant's wallet on the person of Cunningham, the officers still had to decide if the two people with him were the same people who had earlier assisted in the robbery. By conducting the in-the-field identification check, the defendants' status as innocent bystanders or accomplices could be immediately determined. Such a procedure does

not contravene the United States Supreme Court rulings on the right to counsel and there was, therefore, no error in allowing the use of the evidence.

Defendants' final assignment of error is that the verdict was contrary to the great weight of the evidence and must be vacated. We disagree. Defendants' alibi defense was contradicted not only by the testimony of the robbery victim but also by the testimony of the former codefendant.

Affirmed.

All concurred.