PEOPLE v CURTIS WILLIAMS

1. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—IDEN-
   TIFICATION—ON-THE-SCENE CONFRONTATION—ARREST—POLICE
   PRACTICE.

   On-the-scene confrontations necessary in order for the police to
   know whom they should arrest can properly be conducted in
   the absence of counsel; therefore an in-the-field corporeal show-
   up was permissible as an indispensable police practice, where
   police apprehended four young males in the immediate vicinity
   of an assault shortly after being called by an eyewitness, where
   the police quickly returned to the scene with the youths, where
   the police acted quite reasonably in attempting to ascertain
   whether any of the apprehended youths should be taken into
   custody, and where the defendant was then positively identified
   by both the victim and the eyewitness.

2. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—IDENTIFICATION—
   OBJECTION—WAIVER—PRESERVING QUESTION.

   Identifications based on an on-the-scene show-up were properly
   admitted into evidence at trial where no attempt was made to
   suppress the evidence before trial and where no objection to the
   identifications was registered during trial; the alleged error has
   been waived in the absence of a record upon which the Court of
   Appeals can properly consider the claim.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—IDEN-
   TIFICATION—SHOW-UP—EVIDENCE—WITNESSES—CROSS-EXAMI-
   NATION—HARMLESS ERROR.

   An identification of a defendant at a show-up at the police station
   held in the absence of counsel five hours after an assault had
   occurred was error; but such error was harmless where the
   identification testimony was cumulative, where no objection
   was made to the testimony concerning the pre-trial identifica-
   tion, and where during cross-examination defense counsel effec-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 333–343.
[4] 75 Am Jur 2d, Trial § 607.
[5] 75 Am Jur 2d, Trial § 708.

tively undermined the reliability of the witness's identification of defendant.

4. ASSAULT AND BATTERY—CRIMINAL LAW—ASSAULT WITH INTENT TO ROB—JUDGES—JUDICIAL IMPARTIALITY—CONSTITUTIONAL LAW—FAIR AND IMPARTIAL TRIAL—ELEMENTS OF CRIME—CLARIFYING TESTIMONY.

A trial judge who asked the victim of an assault with intent to rob while armed whether she was afraid during the assault and then advised the jury that he believed that the witness testified that she was afraid did not pierce the veil of judicial impartiality or prevent the defendant from having a fair and impartial trial because putting in fear is not an element of the offense of assault with intent to rob while armed and because the trial judge was attempting to clarify the witness's testimony when he intervened, and in doing so was simply performing one of his many supervisory functions.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—FELONY OR MISDEMEANOR—JUDGES—READING STATUTES.

A trial judge during his instructions to the jury may inform the jury that the charged offense is a felony or misdemeanor, as the case may be, where the statute itself so specifies, because it is entirely appropriate for the governing statute to be read to the jury in full.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 November 12, 1974, at Lansing. (Docket No. 18688.) Decided January 9, 1975.

Curtis Williams, Jr., was convicted of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John Smietanka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Aloysius J. Lynch,* of counsel), for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: Bronson, P. J., and D. E. Holbrook, and V. J. Brennan, JJ.

Per Curiam. Defendant-appellant, Curtis Williams, Jr., was found guilty by jury verdict of assault with intent to rob while armed, MCLA 750.89; MSA 28.284, on June 22, 1973. He was sentenced on August 1, 1973, to a term of from 4 to 20 years' imprisonment and appeals by right.

Williams first challenges the identification procedures employed by the police officers in their quest to determine the identity of the alleged assailant. He insists that the on-the-scene corporeal identifications of Williams made by the victim, Carolyne Landrith, and an eyewitness, Samuel Hayes, were constitutionally infirm, both because they were obtained in the absence of counsel and because the procedures utilized were impermissibly suggestive. We disagree.

Counsel was not required under the circumstances presented here. Though it is now well settled that as a general rule there is a right to counsel during any corporeal identification once a suspect is in custody, *People v Franklin Anderson,* 389 Mich 155; 205 NW2d 461 (1973); *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), there is also a well-recognized exception to the general rule. On-the-scene confrontations "necessary in order for the police to know whom they should arrest", *People v Martin,* 42 Mich App 236, 240; 201 NW2d 284, 286 (1972), can properly be conducted in the absence of counsel. *People v Hutton,* 21 Mich App 312, 321–324; 175 NW2d 860, 865–866 (1970); People v Foster, 51 Mich App 213, 218; 214 NW2d 723, 726 (1974); *People v Wright,* 38 Mich App 427, 431; 196 NW2d 839, 841 (1972); *People v Franklin Anderson, supra,* at 187.

The identification procedure pursued in the absence of counsel in this case clearly fits into this exception. After witnessing the assault, Hayes called the police, who shortly thereafter apprehended four young males in the immediate vicinity. They were quickly returned to the scene where Williams, one of the detained youths, was positively identified by both Hayes and the victim. The police acted quite reasonably in attempting to ascertain whether any of the apprehended youths should be taken into custody. This in-the-field corporeal show-up, within minutes after the alleged crime occurred, was clearly conducted for the purpose of deciding whether an arrest should be made. It was a permissible—indeed indispensable—police practice.

Williams' claim that the on-the-scene identification procedure was impermissibly suggestive is not properly before this Court. No attempt was made to suppress the evidence before trial. No objection to the identifications was registered during trial. In the absence of a record upon which we can properly consider this claim, the alleged error has been waived. *People v Childers,* 20 Mich App 639; 174 NW2d 565 (1969); *People v Jones,* 44 Mich App 633; 205 NW2d 611 (1973). The identifications based on the on-the-scene show-up were properly admitted into evidence at trial.

A third eyewitness also identified Williams prior to trial. Pat Cox, who was driving by when the alleged assault occurred and honked her horn in an effort to divert the attention of the assailant, identified Williams as the assailant at the police station through a one-way mirror five hours after the incident. Her identification was retracted at trial, when she admitted that she could not identify Williams at trial from what she had seen on

the street that night. No objection was made, either before or during trial, to her testimony concerning the pre-trial identification of Williams.

The show-up involving witness Cox was impermissible, because it was held in the absence of counsel.[1] Williams was in custody and the on-the-scene exception to the *Anderson* rule discussed above cannot be extended to a show-up held at the police station five hours after Williams' arrest.

The error, however, is harmless because the identification testimony provided by Cox was merely cumulative. *People v Hess,* 39 Mich App 28, 33–34; 197 NW2d 118, 120 (1972); *People v Willis,* 46 Mich App 436, 441; 208 NW2d 204, 206–207 (1973); *People v Green,* 51 Mich App 383, 385; 214 NW2d 891, 892 (1974). The absence of any objection to this testimony and the fact that during cross-examination defense counsel effectively undermined the reliability of Cox's identification of defendant are additional reasons for refusing to hold that prejudicial error was created by the admission of Cox's testimony into evidence.

Williams also claims that he was denied a fair trial when the trial judge asked the victim whether she was afraid during the assault and then advised the jury that he believed that the witness testified that she was afraid. Williams argues that in so doing the trial judge improperly interfered with the examination of the witness and incorrectly characterized her testimony on an essential element of the crime charged.

---

[1] The *Anderson* rule applies to this case because Williams' trial was held in June, 1973, some three months after the decisional date of *Anderson.* This is so even though the *show-up* was conducted before *Anderson* became effective. *See Johnson v New Jersey,* 384 US 719; 86 S Ct 1772; 16 L Ed 2d 882 (1966); *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967).

The short answer to this assertion of error is that putting in fear is not an element of the offense of assault with intent to rob while armed, *People v Syakovich,* 32 Mich App 356; 188 NW2d 642 (1971), and accordingly defendant could not have been prejudiced by the trial judge's so-called interference.

Moreover, on our reading of the record, the trial judge was attempting to clarify the witness's testimony when he intervened, and in so doing was simply performing one of his many supervisory functions. *See People v Hooper,* 50 Mich App 186, 194–195; 212 NW2d 786, 789–790 (1973). Under these circumstances, we cannot say that the "veil of judicial impartiality was pierced", *People v Hooper, supra,* or that Williams was prevented from having a fair and impartial trial. *See People v Spaulding,* 42 Mich App 492, 499; 202 NW2d 450, 453 (1972).

Williams' final contention has recently been dealt with in *People v Ritchie,* 52 Mich App 380; 217 NW2d 439 (1974). It was there held that it is not improper for the trial judge, during his instructions, to inform the jury that the charged offense is a felony or misdemeanor, as the case may be, since the statute itself so specifies and it is entirely appropriate for the governing statute to be read in full to the jury. *See, also, People v Nichols,* 391 Mich 813 (1974). Defendant's assertion to the contrary is accordingly without merit.

Affirmed.