## PEOPLE v WILKERSON

1. CRIMINAL LAW—RIGHT TO COUNSEL—IDENTIFICATION PROCEDURE—
ON-THE-SCENE CONFRONTATION.

An on-the-scene confrontation between a defendant and the victim of a robbery, conducted without counsel, did not violate the defendant's constitutional rights to counsel where the police identification procedure was conducted shortly after the defendant's appearance in the store in which the robbery had taken place a month earlier; the procedure was conducted minutes after his apprehension by police, and the procedure was clearly used for the legitimate purpose of deciding whether the police had arrested the man described by the complaining witness.

2. CRIMINAL LAW—WITNESSES—CROSS-EXAMINATION—RACIAL PREJUDICE.

Cross-examination of an alibi witness concerning whether a certain man was a Negro was proper questioning by the prosecutor where he indicated at the time of the question, and later attempted to prove, that a rebuttal witness would testify that the defendant was with a black man in a place other than the place named by the alibi witness.

3. CRIMINAL LAW—WITNESSES—REBUTTAL WITNESSES—INDORSEMENT DURING TRIAL—STATUTES.

A defendant's right to a fair trial was sufficiently protected by a trial judge, who allowed the prosecutor on the second day of trial to indorse two witnesses in order to rebut the defendant's alibi, where the judge specifically instructed the prosecutor to permit defense counsel to interview these witnesses, and later defense counsel twice expressed that he had examined the rebuttal witnesses to his satisfaction (MCLA 767.40).

Appeal from Kent, George V. Boucher, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 371.

[2] 58 Am Jur, Witnesses § 664.

[3] 75 Am Jur 2d, Trial § 146.

mitted June 10, 1975, at Lansing. (Docket No. 21394.) Decided August 14, 1975.

Keith L. Wilkerson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Assistant Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*Blakely & Seys,* for defendant.

Before: Allen, P. J., and D. F. Walsh and O'Hara,* JJ.

Per Curiam. The defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to a term in prison of from 3 to 15 years. He appeals as of right raising three alleged procedural defects occurring at trial.

The defendant's contention that the complaining witness' in-court identification testimony should have been excluded requires a brief discussion of the facts. This witness, Marie Bowyer, testified that at about 6:30 a.m. on January 20, 1974, the defendant entered a small grocery store where she was employed as a cashier-clerk. She indicated that after the defendant had purchased a bottle of 7-Up he drew a handgun and demanded the cash from the register. Miss Bowyer complied and after the defendant had left the store she telephoned a description of the robber to the Grand Rapids police department.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The police arrived at the scene and then transported Miss Bowyer to a private residence in Grand Rapids. She was asked there to look through a window and to view the defendant who was seated at the kitchen table. Miss Bowyer did not have a full view of the defendant and was therefore unable to make a positive identification.

Approximately a month later on February 26, 1974, Miss Bowyer saw a young man in the store who she believed was the man who had robbed her the month before. She again summoned the police and furnished a description of the man she had seen in the store. Twenty minutes later two police officers arrived on the scene with the defendant handcuffed and seated in the back seat of their cruiser. Miss Bowyer immediately identified the defendant as the person who had robbed her on January 20, 1974, and she was later permitted to identify the defendant at trial.

Indisputably the defendant's right to counsel had attached at the time of the February 26, 1974, identification. *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). But it is equally true that an uncounseled on-the-scene confrontation between the accused and a victim may be conducted without derogating the defendant's constitutional rights to counsel. *People v Foster,* 51 Mich App 213, 218; 214 NW2d 723 (1974), *People v Wright,* 38 Mich App 427; 196 NW2d 839 (1972). The defendant argues that the instant case does not come within the exception because of the passage of approximately one month between the time of the robbery and the moment of identification by the complaining witness.

We acknowledge that the on-the-scene exception is generally couched in terms of identification

made shortly after the commission of the crime or immediately following a "criminal episode". See, *e.g., People v Hutton,* 21 Mich App 312, 324; 175 NW2d 860 (1970). However, we are unable to distinguish—from a policy standpoint—between that situation and one where there has been an on-the-scene recognition of an accused immediately followed by apprehension and on-the-scene identification conducted by the police. The identification procedure employed in the instant case was conducted minutes after the defendant's appearance in the store and apprehension by police and it was clearly used for the legitimate purpose of deciding whether the police had arrested a man described by the complaining witness. Under these circumstances there was no infringement of the accused's right to counsel. See *People v Curtis Williams,* 57 Mich App 612; 226 NW2d 584 (1975). *People v Foster, supra.*

During the cross-examination of an alibi witness the prosecutor asked whether or not a man named Lamont Marshall was a Negro. The defendant urges on appeal that the question sought irrelevant testimony and was highly prejudicial in view of the fact that all members of the jury panel were white. This allegation is not supported by the record. The prosecutor indicated at the time of the question—and later attempted to prove—that a rebuttal witness would testify that the defendant was with a black man in a place other than where the alibi witness said the defendant was. There was nothing improper about this line of questioning.

Finally, the defendant asserts that he was denied a fair trial when the trial judge—on the second day of trial—allowed the prosecutor's en-

dorsement of two rebuttal (alibi) witnesses.[1] The record shows that the trial judge specifically instructed the prosecutor to permit defense counsel to interview these witnesses. This direction was given on a Thursday and on the following Monday when the trial reconvened, defense counsel expressed on two occasions that he had examined the rebuttal witnesses to his satisfaction. This procedure was sufficient to protect the defendant's right to a fair trial. *People v Harrison,* 44 Mich App 578, 586; 205 NW2d 900 (1973). *Wardius v Oregon,* 412 US 470; 93 S Ct 2208; 37 L Ed 2d 82 (1973), relied on by defendant is patently inapplicable here. The Supreme Court in *Wardius* overturned the conviction of a man who was precluded from presenting alibi witnesses for his failure to comply with the provisions of nonreciprocal notice-of-alibi statute. The Michigan statute[2] is not challenged herein and the facts are entirely dissimilar.

The conviction of defendant is therefore affirmed.

---

[1] MCLA 767.40; MSA 28.980 provides:

" * * * Names of additional witnesses may be indorsed before or during trial by leave of the court and upon such conditions as the court shall determine."

[2] MCLA 768.20; MSA 28.1043.