PEOPLE v SPENCE

1. CRIMINAL LAW—ARRAIGNMENT—INDICTMENT AND INFORMATION—
   COPIES—COURT RULES.

   The rule which requires that a defendant in a criminal action be
   given a copy of the indictment or information by the prosecut-
   ing attorney at the arraignment is adequately complied with
   where the prosecutor hands the copy to the defendant's attor-
   ney in the presence of the defendant (GCR 1963, 785.5[1]).

2. CRIMINAL LAW—WITNESSES—IRRELEVANT EVIDENCE—PREJUDICE—
   OBJECTIONS—CAUTIONARY INSTRUCTIONS—COURT RULES.

   Any prejudice stemming from a prosecutor bringing out testi-
   mony from a certain prosecution witness, who was also the
   defendant's ex-wife, that she was receiving ADC payments and
   was again pregnant by the defendant and the prosecutor's
   attempted exploration of the reasons for the couple's divorce
   was cured where the trial judge sustained the defense counsel's
   objections to the possibly irrelevant material and followed the
   incidents with brief cautionary instructions to the jury (GCR
   1963, 529.1).

3. CRIMINAL LAW—WITNESSES—PROSECUTOR'S REMARKS—APPEAL AND
   ERROR—COURT RULES—STATUTES.

   The prejudicial effect of a prosecutor's remarks, reminding a
   witness that she was under oath, was so slight that the error, if
   any, was harmless beyond a reasonable doubt (MCLA 769.26;
   MSA 28.1096, GCR 1963, 529.1).

4. WITNESSES—CRIMINAL LAW—APPEAL AND ERROR—IRRELEVANT TES-
   TIMONY—PREJUDICE—HARMLESS ERROR.

   Testimony elicited from a prosecution witness which was either
   wholly irrelevant or at least not proper rebuttal evidence was
   harmless error beyond a reasonable doubt where a review of
   the record leaves the Court of Appeals convinced that the

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 326, 327.
[2] 75 Am Jur 2d, Trial §§ 682–692.
[3, 4] 75 Am Jur 2d, Trial § 198.

prejudicial effect of the testimony was slight to the point of being nonexistent.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted June 1, 1976, at Lansing. (Docket No. 18303.) Decided June 24, 1976.

Richard L. Spence was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Paul G. Miller, Jr.,* Senior Assistant Prosecuting Attorney, for the people.

*Traycik & Traycik,* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR., and E. H. PAPP,* JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder, MCLA 750.316; MSA 28.548, and sentenced to life imprisonment. His appeal as of right raises three issues for our consideration.

GCR 1963, 785.5(1) states:

"At the arraignment, * * * [t]he prosecuting attorney shall give the defendant a copy of the indictment or information."

In the present case, the prosecutor handed a copy of the information to the defendant's attorney. The defendant, who was present at the time, argues on appeal that the rule requires that the information

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

should have been given to him, not to his attorney. This alleged error is said to require reversal.

We see no error in the procedures followed in the present case. While this is apparently a case of first impression, we note that the Supreme Court recently rejected arguments that other sections of GCR 1963, 785, be interpreted in a similarly rigid manner. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). Where a defendant is represented by an attorney and is present when a copy of the information is handed to his attorney, we believe that the requirements of GCR 1963, 785.5(1), *supra,* are satisfied. Therefore, the defendant's first argument is without merit.

The next allegation of error concerns the prosecutor's questioning of the defendant's former wife. She was called as a prosecution witness but was not always a cooperative witness. During direct examination, the prosecutor pointedly reminded her that she was under oath. At another point, he brought out testimony that she was receiving ADC payments and was again pregnant by the defendant. Then, on redirect examination, he attempted to explore the reasons for the couple's divorce.

The defendant made timely objections to the latter two incidents. Those objections were sustained by the trial judge who followed up with brief cautionary instructions which were sufficient to cure any prejudice stemming from the introduction of the possibly irrelevant material. *People v Foster,* 51 Mich App 213; 214 NW2d 723 (1974). The prejudicial effect of the remark about the witness being under oath was so slight that the error, if any, was harmless beyond a reasonable doubt. MCLA 769.26; MSA 28.1096, GCR 1963, 529.1; *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

Finally, the defendant complains of certain questions asked of a police detective witness during the prosecution's rebuttal case. The questions allowed the witness to elaborate on his extensive expertise in the area of criminal investigations. We agree with the defendant's contention that, in the context of this case, the testimony elicited was either wholly irrelevant or—at least—not proper rebuttal evidence. *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974). But a thorough review of the record has convinced us that the prejudicial effect of the testimony was slight to the point of being nonexistent.[1] Therefore, the error was harmless beyond a reasonable doubt. *People v Robinson, supra.*

The defendant's conviction is affirmed.

[1] For the most part, the detective's testimony was either neutral or indirectly favorable to the defendant. He had been present at the autopsy and verified the pathologist's report on the cause of death. He also reported on his interview with the defendant immediately following the arrest. The statement given by the defendant at that time coincided nearly perfectly with his (the defendant's) testimony at the trial.