PEOPLE v ROBERTS

Docket No. 78-5153. Submitted March 6, 1980, at Grand Rapids.—
Decided April 23, 1980.

Jerrold T. Roberts was convicted, on his plea of guilty, of assault
with intent to commit sexual penetration, Kent Circuit Court,
Roman J. Snow, J. Defendant appeals, alleging that because
the prosecutor had not yet brought habitual offender charges
against the defendant, the prosecutor's promise to forego such
charges in exchange for the defendant's plea rendered the plea
bargain illusory. *Held:*

The plea bargain was not illusory. At the time that the plea
bargain was made the defendant was in fact a potential subject
of habitual offender charges.

Affirmed.

CRIMINAL LAW — PLEA OF GUILTY — PLEA BARGAINS — HABITUAL
OFFENDERS — ILLUSORY PLEA BARGAIN.

A defendant's plea bargain is not illusory where, as a part of the
bargain, the prosecutor promises to forego habitual offender
proceedings against the defendant and where, at the time the
plea bargain is made, the defendant is in fact a potential
subject of habitual offender charges.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Buth, Wood & Weidaw,* for defendant on appeal.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON, JR.,* JJ.

REFERENCES FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 484-496.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 22.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Following plea negotiations, defendant entered a plea of guilty to a charge of assault with intent to commit sexual penetration, contrary to MCL 750.520g(1); MSA 28.788(7)(1). Following sentence, this appeal follows as of right.

Citing *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), defendant urges reversal. He alleges that since part of the plea bargain involved the prosecutor's promise to foresake habitual offender proceedings, his plea was the product of an illusory bargain. We reject his argument for the reasons set forth in *People v Hutcherson,* 96 Mich App 365; 292 NW2d 466 (1980).

Affirmed.