PEOPLE v NATHANIEL JOHNSON

Docket No. 54932. Submitted June 8, 1981, at Lansing.—Decided
February 18, 1982.

Nathaniel Johnson, Jr., was convicted of armed robbery. He
subsequently pled guilty to being an habitual offender and was
sentenced to concurrent prison terms on each charge, Oakland
Circuit Court, Farrell E. Roberts, J. He appeals. *Held:*

1. The defendant's allegation that pretrial identification pro-
cedures were unnecessarily suggestive was not preserved for
review.

2. The record reveals that the search of the defendant's house
and subsequent seizure of evidence without a warrant were
proper, exigent circumstances being present.

3. The record reveals that the defendant was effectively
assisted by counsel.

4. The defendant's failure to object to the instructions of the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 746, 803, 804, 974.
   29 Am Jur 2d, Evidence §§ 371, 371.2, 371.4, 371.6.
   Accused'd right to counsel under the federal constitution—Supreme
      Court cases. 18 L Ed 2d 1420.
   Admissibility of evidence of showup identification as affected by
      allegedly suggestive showup procedures. 39 ALR3d 791.
   Admissibility of evidence as to extrajudicial or pretrial identifica-
      tion of accused. 71 ALR2d 449.
[2] 68 Am Jur 2d, Searches and Seizures §§ 43, 44.
[3] 5 Am Jur 2d, Appeal and Error § 803.
   29 Am Jur 2d, Evidence § 411.
   Modern status of rule governing admissibility of evidence obtained
      by unlawful search and seizure. 50 ALR2d 531.
[4] 4 Am Jur 2d, Appeal and Error § 397 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 891.
[6, 7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
      §§ 17.5, 19.
[8] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.
   Increased sentences for dangerous offenders under 18 USCS § 3575.
      41 ALR Fed 576.

trial court as prescribed by court rule precludes review on appeal, no prejudice having been shown.

5. The jury's verdict was not against the great weight of the evidence.

6. The record reveals that the prosecutor's filing of a supplemental information charging the defendant as an habitual offender was proper.

7. The trial court erred in imposing concurrent sentences for the habitual offender charge and the underlying felony. The sentence imposed for the armed robbery conviction is vacated.

Affirmed, except as to sentence.

1. CRIMINAL LAW — RIGHT TO COUNSEL — PRETRIAL IDENTIFICATION — DUE PROCESS.

Generally, a person accused of a crime has a right to counsel at any critical pretrial confrontation with an eyewitness, and identification procedures which are impermissibly suggestive and conducive to irreparable misidentification violate an accused's right to due process; however, where a suspect is not in custody, the confrontation takes place within hours of a crime, and the identification procedures used are necessary for police to determine who should be arrested, the probability of accuracy resulting from such an immediate identification may offset any likelihood of misidentification, and the absence of counsel at the identification will not bar admission of evidence of the identification during trial.

2. SEARCHES AND SEIZURES — SEARCH WITHOUT WARRANT — EXIGENT CIRCUMSTANCES.

Entry by police into a person's home without a warrant may not be had absent exigent circumstances; the existence of exigent circumstances depends upon a case-by-case determination whether the entry was a reasonable response by the police to the situation as perceived by them.

3. EVIDENCE — SEARCH WITHOUT WARRANT.

Admission of evidence improperly seized following a search of a defendant's house without a warrant does not constitute error which requires reversal where such evidence does not contribute significantly to the proofs offered against the defendant.

4. APPEAL — PRESENTATION OF ISSUES.

An appellate court cannot review matters effectively which are presented to it inadequately.

5. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

Failure to object specifically to the instructing of or failure to

instruct a jury before the jury retires precludes review on appeal (GCR 1963, 516.2).

6. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS.

A prosecutor is not precluded from proceeding against a defendant under the habitual offender act so long as his action is prompt and provides fair notice to the defendant in advance of trial of the underlying charge (MCL 769.10 *et seq.;* MSA 28.1082 *et seq.).*

7. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS — PLEA-BAR-GAINING AGREEMENTS.

A prosecutor validly may charge a defendant as an habitual offender following a breakdown of plea negotiations or upon a defendant's failure to comply with a plea-bargaining agreement provided notice was given during the negotiations that the prosecutor intended to so proceed in the event of such breakdown or failure.

8. TRIAL — SENTENCING — HABITUAL OFFENDERS.

A defendant found guilty of being an habitual offender must be sentenced under the habitual offender act, and any previous sentence for an underlying felony must be vacated (MCL 769.13; MSA 28.1085).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *David W. King,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. After a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797. Subsequently, he pled guilty to a supplemental information charging him as an habitual offender, MCL 769.10; MSA 28.1082. He was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentenced to concurrent prison terms of from 10 to 30 years with credit for 188 days served. He appeals by right.

The complaining witness in this case solicited the services of a prostitute in Pontiac. They reached an agreement and drove to her house on Orchard Lake Road. Defendant allegedly entered the house, held the witness at knifepoint, and robbed the witness. Defendant left, as did the complaining witness. The witness drove to the police station and reported the crime. Looking for the prostitute, a police officer drove the complainant around the downtown streets to no avail. They then drove to the neighborhood of the house in which the robbery occurred, and the complainant identified the house. He then indicated the door of the multi-unit dwelling through which he had entered previously. The officer looked through the screen door and saw defendant and a woman lying on a bed. He motioned to the complainant who looked through the screen door and identified the man and woman as the persons who had robbed him. The officer opened the unlocked door, arrested defendant and the woman, and seized money, a cigarette lighter identified by the complainant as his, and a knife allegedly used in the robbery.

Defendant first claims that the procedure used to identify him was unnecessarily suggestive and conducive to irreparable misidentification. This claim of error was not made in the trial court and will not be reviewed here. *People v Childers,* 20 Mich App 639, 645-646; 174 NW2d 565 (1969). We note that defendant was not in custody and was not entitled to the protections announced in *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). Even where *Wade* does not apply, identification procedures which are imper-

missibly suggestive and conducive to irreparable misidentification offend the Due Process Clause of the federal constitution. *Stovall v Denno,* 388 US 293, 302; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). The identification procedures used by police here were no more suggestive than those approved by this Court for an in-the-field confrontation with a suspect who is in custody. See *People v Dixon,* 85 Mich App 271, 281, fn 2; 271 NW2d 196 (1978), *People v Curtis Williams,* 57 Mich App 612; 226 NW2d 584 (1975), and *People v Foster,* 51 Mich App 213; 214 NW2d 723 (1974). As in *Williams* and *Foster,* the identification procedures used here were necessary in order for police to know whom they should arrest. The identification procedure used here is factually indistinguishable from those approved in *People v Burns,* — Colo —; 615 P2d 686 (1980), and *State v Crider,* 341 A2d 1, 7 (Me, 1975). Where confrontation takes place within hours of a crime, the probability of accuracy resulting from such an immediate identification may offset any likelihood of misidentification arising out of the inherent suggestiveness of a one-on-one viewing.

We reject defendant's claim that his arrest without a warrant violated his right to be free from unreasonable searches and seizures. Absent exigent circumstances, there cannot be a valid entry into a defendant's house without a warrant. *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980). The existence of exigent circumstances depends upon a case-by-case determination. *People v Beachman,* 98 Mich App 544, 554; 296 NW2d 305 (1980). The validity of an entry without a warrant depends upon the reasonableness of the response of police to the situation as perceived by them. *People v Olajos,* 397 Mich 629,

634; 246 NW2d 828 (1976). Insuring the safety of police or others may be an exigent circumstance justifying such an entry. *Beachman, supra,* 554. In the present case, a number of factors combined to provide exigent circumstances sufficient to validate the entry without a warrant. One to two hours earlier, in the same room, a man now identified as defendant had been armed with a knife which he used to rob the complaining witness. The showing of probable cause was strong and unequivocal. Defendant could be seen within the house a few feet away, and his arrest could be effected without any chance of endangering the lives of the officer, the witness, or the two suspects. Under the precise circumstances presented here, the officer could best insure the safety of all by arresting defendant immediately. Under the precise circumstances presented here, we find that exigent circumstances existed, sufficient to justify the entry and the arrest.

Even if the entry were unconstitutional, we would find no error requiring reversal. The appropriate remedy for the constitutional violation would be the suppression of evidence found in the search incident to arrest: the cigarette lighter, the money, and the knife. None of these items of evidence contributed significantly to the proofs against defendant which consisted primarily of the eyewitness identification of him by the complaining witness. The presence of these items in the room in which defendant was arrested was equally as consistent with the theory of the crime advanced by defendant as it was with that advanced by the prosecutor.

Defendant claims his trial attorney did not perform at least as well as a lawyer with ordinary training and skill in the criminal law and failed

conscientiously to protect his client's interests, denying defendant his right to assistance of counsel. See *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), *Beasley v United States,* 491 F2d 687 (CA 6, 1974). Defendant claims trial counsel made a number of serious errors by failing to object to the admission of certain evidence or to the argument of the prosecutor. We reject the defendant's claim of ineffective assistance of counsel because we disagree with his characterization of the evidence as inadmissible and of the argument as improper.

Since the evidence of defendant's identification by the complainant at the scene of the robbery would have been admissible over the timely objection of defense counsel, we necessarily reject defendant's claim that he was denied effective assistance of counsel by the failure to object to its admission.

We cannot agree that the prosecutor, implicitly or otherwise, commented on defendant's failure to testify.

It was no mistake to fail to request an instruction after the jury informed the judge that it was deadlocked after two hours of deliberations. At that time, the trial judge gave a deadlocked-jury instruction which contained no substantial departures from that approved in *People v Sullivan,* 392 Mich 324, 327-329; 220 NW2d 441 (1974). Only substantial departures from the charge approved in *Sullivan* are grounds for reversal. *Id.,* 342, *People v Allen,* 102 Mich App 655, 658; 302 NW2d 268 (1981).

Defense counsel's representation was not rendered ineffective by his failure to request an instruction on defendant's theory of the case. In this simple case, defendant's theory needed no instruction to be understood clearly by the jury.

The claim that defense counsel failed to perform adequately when he failed to object to the prosecutor's vouching for the credibility of his witnesses and asserting the lack of credibility of defendant's witness cannot be reviewed by this court, since appellate counsel has failed to identify the language to which he objects or to refer to the location of the alleged vouching in the record. An appellate court cannot review matters effectively which are presented to it inadequately. *City of Petersburg v Summerfield Twp,* 41 Mich App 639; 200 NW2d 788 (1972). Defendant's remaining contentions of error by his trial counsel are completely without merit.

We reject defendant's claim that the trial judge erred by failing to instruct the jury, *sua sponte,* on defendant's theory of the case. GCR 1963, 516.7(a), *People v Martin,* 100 Mich App 447, 450-451; 298 NW2d 900 (1980). Failure to object during trial precludes review by this Court, GCR 1963, 516.2. In the present case, failure to instruct on defendant's theory of the case did not expose him to any prejudice.

Defendant's claim that the jury's verdict was against the great weight of the evidence is without merit.

We finally reject defendant's claim that the filing of the supplemental information charging him as an habitual offender was untimely or violated the rule announced in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). A prosecuting attorney is not precluded from proceeding under the habitual offender act so long as his action is prompt and provides fair notice to the defendant in advance of trial of the underlying charge. See *People v Ruff,* 108 Mich App 716; 310 NW2d 852 (1981). A prosecutor validly may file an informa-

tion charging a defendant as an habitual offender after plea negotiations have broken down or the defendant has decided not to comply with a plea agreement, provided the defendant was given notice during the negotiations of the prosecutor's intention to file the supplemental information if the negotiations failed. *People v Haywood,* 97 Mich App 621; 296 NW2d 127 (1980), *People v Dixon,* 103 Mich App 518; 303 NW2d 32 (1981). See also *People v Roberts,* 97 Mich App 181; 293 NW2d 759 (1980), and *People v Hutcherson,* 96 Mich App 365; 292 NW2d 466 (1980).

After defendant was convicted of armed robbery, he pled guilty to a supplemental information charging him as an habitual offender. The trial judge sentenced him to concurrent terms of imprisonment on the robbery offense and the habitual offender charge. If an accused is found guilty on a supplemental information, the trial judge must sentence him under the habitual offender statute. When he does so, he must vacate the sentence on the underlying felony. MCL 769.13; MSA 28.1085, *Fountain, supra,* 98, fn 2. Defendant's sentence for armed robbery is therefore vacated while the identical sentence for conviction as an habitual offender is left in place.

Affirmed, except as to sentence.