PEOPLE v LOTZE

CRIMINAL LAW—SENTENCE—PENDING CHARGES.
>Knowledge of a sentencing judge that there are other pending charges against a convicted felon is not in itself violative of the defendant's right to due process.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 March 9, 1973, at Grand Rapids. (Docket No. 14411.) Decided May 24, 1973. Leave to appeal denied, 390 Mich 794.

Theodore Lotze was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald E. Zimmer,* Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for the defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

PETERSON, J. Defendant pled guilty to breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and was sentenced to a term of six to ten years. At sentencing, the dialogue between court and defendant did not deal with the specifics of defendant's prior criminal record, but was one of generalities about defend-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 220–228.
* Circuit judge, sitting on the Court of Appeals by assignment.

ant's attitudes and poor record. Thereafter, establishing that defendant was 35 years old, the following transpired:

"*The Court:* I wish I knew the answers of some way to help you.

"You have been getting involved in violation of criminal laws of this state since the age of what.

"*Defendant Lotze:* Twenty.

"*The Court:* About 20. You still got some other cases pending against you at the present time, haven't you?

"*Defendant Lotze:* Yes.

"*The Court:* The sentence in your case—I can sentence you to the Michigan Department of Corrections for the maximum of 10 years, minimum of 6 years, credit for 37 days.

"I would like to find some words to be of further assistance to you, but I haven't been able to find any. I don't know what you could say to a—to attempt to convince me that it has come to the point where you are going to change your ways in life or else there is no way that you will ever have the home and family that you talk about because it cannot be attained through the methods which you have been utilizing for the last ten years or so." (T. 3, 4)

The sole question stated on appeal is whether the sentence should be vacated "because in determining that sentence the trial judge relied upon mere arrests which had not resulted in convictions"?

The question as stated assumes facts not supported by the record. The court's statement only indicates knowledge that there were pending cases against the defendant. It does not disclose any opinion as to defendant's guilt or innocence in such cases, or that such knowledge was a factor in determining sentence. The case is thus distinguishable from those cases in which a due process question was apparent because it affirmatively appeared that a factor relied upon in sentencing was the report or record of other criminal behav-

ior which was false,[1] or derived from proceedings constitutionally suspect,[2] or denied and never (or not yet) judicially tried.[3]

From statements in open court by the accused, his counsel or the prosecuting attorney, from other proceedings in the same court, from pretrial conference, from plea bargaining discussions, from disclosures during trial, from a variety of sources compiled in the presentence report such as a confession, statements by the defendant or others to the probation officer, etc., the sentencing court will invariably know if there are other pending charges against the convicted felon. We are cited to no authority that such knowledge on the part of the sentencing judge is in itself violative of the defendant's rights to due process. To so hold would, in most cases, require separation of the sentencing function from all other judicial proceedings in the same case, substituting a different judge to determine sentence.[4] We decline to do so.

Affirmed.

All concurred.

---

[1] *Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948).

[2] *Burgett v Texas,* 389 US 109; 88 S Ct 258; 19 L Ed 2d 319 (1967); *People v Tucker,* 404 US 443; 92 S Ct 598; 30 L Ed 2d 592 (1972).

[3] *People v Zachery Davis,* 41 Mich App 683 (1972); *People v Grimmett,* 388 Mich 590 (1972). *Cf. People v Butler,* 36 Mich App 615 (1971), and how distinguished in *People v Davis, supra,* fn 7, pp 691–692.

[4] In *People v Grimmett, supra,* p 597, fn 3, where the sentencing judge expressed his opinion of guilt as to the untried case, the matter was remanded to him for resentencing. *Cf. People v McFarlin,* 41 Mich App 116, 126 (1972), where the remand directed resentencing by some other judge untainted by too much knowledge.