CITY OF DETROIT v KILLINGSWORTH
DETROIT POLICE OFFICERS ASSOCIATION v CITY OF DETROIT

APPEAL AND ERROR—MOOT QUESTION.

A factor to be considered in deciding whether to dismiss an appeal as moot is the possibility of granting effective relief to the plaintiff if he is successful on appeal, and where there is nothing the Court of Appeals can do by way of relief, an abstract opinion of purely academic interest will not be issued; therefore, two appeals were dismissed as moot where in the first case the interested party had made payment pursuant to the arbitration award at issue and an intervening appellant had only an indirect interest and sought no more than an advisory opinion, and in the second case the appellant had submitted its contract dispute to an arbitration panel and received an award.

Appeals from Wayne, Roland L. Olzark, J., and the Employment Relations Commission. Submitted Division 1 March 7, 1973, at Detroit. (Docket Nos. 14698, 16188.) Decided June 28, 1973. Leave to appeal denied, 390 Mich 790.

Complaint by the City of Detroit against Charles C. Killingsworth and others, as members of a compulsory arbitration panel, to overturn an arbitration award to the Detroit Fire Fighters Association, Local 344, IAFF. The Detroit Police Officers Association intervened as a plaintiff. Award affirmed. (No. 14698.)

The DPOA filed an unfair labor practice charge against the City of Detroit. The Employment Relations Commission dismissed the charge. (No. 16188.)

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 760.

The DPOA appeals from both decisions. The two appeals were consolidated by the Court of Appeals *sua sponte.* Appeals dismissed.

*Winston L. Livingston* (by *J. Douglas Korney),* for the Detroit Police Officers Association.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid,* for the Detroit Fire Fighters Association.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

McGREGOR, J. These two appeals were consolidated by the Court, *sua sponte,* for hearing and decision. Both have, as their genesis, an arbitration award issued by the so-called Killingsworth panel pursuant to the police and firemen's compulsory labor arbitration act, MCLA 423.231 *et seq.;* MSA 17.455(31) *et seq.,* on December 1, 1971. The parties to the arbitration were the Detroit Firefighters Association and the City of Detroit (City). The award was for contract year 1971–72.

In No. 14698 the appealing intervenor, Detroit Police Officers Association (DPOA), contends that the trial court erred in failing to overturn the award on the basis that the wage parity provisions resulted in its being neither final nor binding and, hence, allegedly violative of MCLA 423.240; MSA 17.455(40). The City, original plaintiff in the trial court, did not appeal.

In No. 16188, the DPOA appeals from a December 19, 1972 order of the Michigan Employment Relations Commission which dismissed the unfair labor practice charge which the DPOA had filed against the City. In essence the charge alleged

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that the City refused to bargain collectively, contrary to sections 10(a) and 10(e) of the public employment relations act, MCLA 423.201 et seq.; MSA 17.455(1) *et seq.* The DPOA urges that the City's consideration of the effect which DPOA-City negotiations would have on the salaries of firefighters, by virtue of the parity provisions of the Killingsworth award, and on the salaries of police officers and lieutenants, by virtue of their contract with the City, which provided for salaries a fixed percentage higher than those of patrolmen, constituted an unlawful refusal to bargain collectively.

We were advised, at oral argument, that the City, which did not appeal the judgment of the trial court, has fully paid the sums due the firefighters under the Killingsworth award. In addition, the DPOA, after filing the unfair labor practice charge, submitted its contract disputes and received an arbitration award from the Alexander panel for the contract year 1971–72. On the basis of these facts, we dismiss both appeals as moot.

One of the factors to be considered in deciding whether to dismiss an appeal as moot is the possibility of granting effective relief to the plaintiff in the event he is successful on appeal. *Swinehart v Secretary of State,* 27 Mich App 318, 320; 183 NW2d 397, 398 (1970). The real party in interest in No. 14698 was the City. However, the City did not appeal the trial court's affirmance of the Killingsworth award and has apparently paid in full the amount thereof. The intervening DPOA, whose interest is indirect at best, clearly seeks nothing more than an advisory opinion on the validity of the parity provisions.

Likewise, in No. 16188, the DPOA, after charging the City with refusal to bargain, apparently submitted their contract dispute to the Alexander

panel and received an award. There is nothing this Court can do, by way of relief, for the DPOA in either case. We do not issue abstract opinions of purely academic interest.

The appeals are dismissed as moot.

All concurred.