PEOPLE v MARTIN

1. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—PRIOR CONVICTIONS—FEDERAL CONVICTION.

Considering a prior Federal conviction which was included in the presentence report was not error where there was no showing on the record that the Federal conviction was infirm.

2. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—PRIOR ARRESTS.

Considering a presentence report which contained information regarding arrests of defendant for assaults by the defendant on his wife which did not result in convictions was not error because the assaults were as much a part of defendant's antecedents and character as were ten letters written to the judge by the defendant's friends in his behalf; the trial judge is entitled to know the "bitter" as well as the "sweet" side of a defendant's character.

3. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—PREJUDICIAL REMARKS.

A conclusion of a police chief contained in a presentence report that the accident which caused the death of defendant's wife was a deliberate act of the defendant did not prejudice the defendant since the judges of the trial bench have the experience and wisdom to draw their own conclusions independent of third parties.

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 June 4, 1973, at Grand Rapids. (Docket No. 13720.) Decided July 24, 1973. Leave to appeal granted, 390 Mich —.

David A. Martin was convicted, on his plea of nolo contendere, of negligent homicide. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 303, 585.

*Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*David A. Goldstein,* Deputy State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and O'Hara,* JJ.

R. B. Burns, P. J. Defendant pled nolo contendere to negligent homicide. MCLA 750.325; MSA 28.557. He was sentenced to a term of from one to two years in prison. We affirm.

Defendant's counsel asked the trial court's permission to examine the presentence report filed by the probation officer, prior to sentencing. The court denied trial counsel's request but did allow appellate counsel to examine the report.

Defendant claims the trial court erred by considering certain information in the presentence report.

Defendant claims the trial judge erred by considering a prior Federal conviction. There is no showing on the record that the Federal conviction was infirm and it was not error for the judge to consider the prior conviction in sentencing the defendant.

Defendant also claims it was error for the trial judge to consider a presentence report which contained arrests which did not result in convictions. *People v Amos,* 42 Mich App 629; 202 NW2d 486 (1972), held that a presentence report was required prior to sentencing. The probation officer is directed to inquire into the antecedents and character of the defendant.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The two incidents the defendant complains of were assaults by the defendant on his wife. The presentence report contained a summary of both incidents. Instead of a neighbor telling the probation officer of the assaults, the police record contained the information on the complaint of the wife. These assaults are as much a part of the defendant's antecedents and character as the ten letters written to the judge by the defendant's friends in his behalf. The trial judge is entitled to know the "bitter" as well as the "sweet" side of the defendant's character.

Defendant lastly complains that the presentence report contained the conclusion of the police chief that the accident which caused the death of defendant's wife was a deliberate act of the defendant. The statement was a conclusion of the police chief. However, it is our opinion that the judges on the trial bench of the state have the experience and wisdom to draw their own conclusions independent of third parties.

At sentencing the judge stated that he had "read over completely several times the report of the probation officer. I have examined the file. I have received, well, perhaps ten letters or thereabouts, from individuals in regard to Mr. Martin. His minister has been in to see me, and another individual has also been in to see me." The record also shows that the judge had a conference with defendant's lawyer prior to sentencing.

There was no prejudice to the defendant and the conviction is affirmed.

All concurred.