PEOPLE v CLARK

PEOPLE v COLLINS

1. CRIMINAL LAW—TRIALS—JOINT TRIAL—SEPARATE TRIAL—DISCRE-
   TION—APPEAL AND ERROR—STATUTES.

   Denial of a defendant's motion for separate trials will not be
   disturbed on appeal where no showing was made that a joint
   trial prejudiced substantial rights of the defendant and the
   denial was well within the discretion that the Legislature has
   vested in the trial court (MCLA 768.5).

2. CRIMINAL LAW—TRIALS—MOTIONS FOR MISTRIAL—FAIR TRIAL.

   The test for a motion for mistrial in a criminal prosecution is not
   whether there were some irregularities in the trial but whether
   the defendant had a fair and impartial trial.

3. CRIMINAL LAW—TRIALS—MOTION FOR MISTRIAL—INSTRUCTIONS TO
   JURY—FAIR TRIAL.

   A defendant's motion for a mistrial based upon the improper
   actions of a co-defendant's attorney was properly denied where
   the instructions of the court were sufficient to inform the jury
   on how to evaluate what was presented to them, no request was
   made for an immediate or final cautionary instruction, and the
   attorney's actions did not deny the defendant a fair and impar-
   tial trial.

4. CRIMINAL LAW—APPEAL AND ERROR—PROSECUTOR'S REMARKS—CU-
   RATIVE INSTRUCTIONS—MANIFEST INJUSTICE.

   Failure to object to a prosecutor's allegedly prejudicial remarks
   precludes appellate review where instructions could have cured

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 17–24.
[2] 76 Am Jur 2d, Trial §§ 1080–1082.
[3] 76 Am Jur 2d, Trial §§ 1072–1075.
[4] 75 Am Jur 2d, Trial §§ 315, 316.
[5] 75 Am Jur 2d, Trial §§ 192–194.
[6] 40 Homicide § 535.
[7] 21 Am Jur 2d, Criminal Law §§ 120–123, 127, 129.
[8] 58 Am Jur, Witnesses § 860 *et seq.*
[9] 21 Am Jur 2d, Criminal Law §§ 525–530; 29 Am Jur 2d, Evidence
    § 328.

any prejudice or where no showing is made of manifest injustice.

5. CRIMINAL LAW—PROSECUTOR'S REMARKS—EVIDENCE—INFERENCES.

A prosecutor may comment on an inference which can logically be drawn from the evidence.

6. HOMICIDE—ASSAULT WITH INTENT TO MURDER—INSTRUCTIONS TO JURY—AIDING AND ABETTING.

Instructions to the jury in a trial for assault with intent to murder may include a charge of aiding and abetting although the information filed by the prosecutor did not include a charge of aiding and abetting.

7. CRIMINAL LAW—AIDING AND ABETTING—PRINCIPAL—AIDER AND ABETTOR—DUE PROCESS.

An aider and abettor may be indicted, tried, and on conviction punished as a principal and no denial of due process results from charging an aider and abettor as a principal.

8. CRIMINAL LAW—PROSECUTOR'S QUESTIONS—PREJUDICE—WITNESSES —PRIOR CONVICTIONS—PRIOR MISCONDUCT—CREDIBILITY.

Questioning by a prosecutor of a defense witness relating to the witness's failure when filling out a gun purchase form to acknowledge that he had been convicted of a crime does not necessitate reversal of the defendant's conviction where the gun purchase and the witness's prior convictions had already been brought out by the defendant's attorney, the prosecutor was not questioning the witness about prior convictions or prior misconduct which did not result in conviction but was attempting to show that the witness had lied and was not a person worthy of belief, and there was no miscarriage of justice.

9. CRIMINAL LAW—APPEAL AND ERROR—SENTENCING—PRIOR CONVICTIONS—CONSTITUTIONAL LAW—INVALID CONVICTIONS—SENTENCING COURT.

A defendant's claim that the court when sentencing improperly considered a constitutionally invalid prior conviction will not be considered on appeal where the defendant has not given the sentencing court the initial opportunity to resolve the claim.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 October 11, 1974, at Detroit. (Docket Nos. 16982, 17126.) Decided January 6, 1975.

Kenneth L. Clark and John J. Collins were

convicted of assault with intent to murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney, Research Training & Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*David Harris,* for defendant Clark.

*John A. Lydick,* Assistant State Appellate Defender, for defendant Collins.

Before: V. J. Brennan, P. J., and T. M. Burns and Carland,* JJ.

T. M. Burns, J. Defendants were convicted by a jury on January 31, 1973, of assault with intent to murder. MCLA 750.83; MSA 28.278. On February 21, 1973, both defendants were sentenced to 30 to 50 years imprisonment with appropriate credit for time already spent in jail. Defendants appeal as of right alleging that numerous errors were committed during the course of their trial. Further facts will be presented in our discussion of the issues.

Defendant Collins first contends that the trial court erred when it denied his request to sever his trial from that of defendant Clark. We find no error. In the absence of an affirmative showing that a joint trial prejudiced substantial rights of the defendant, denial of a motion for separate trials will not be disturbed on appeal. *People v Rowls,* 28 Mich App 190, 194; 184 NW2d 332

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(1970), *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966). Under the facts of the present case, the denial of the request for separate trials was well within the discretion that the Legislature has vested in the trial court. MCLA 768.5; MSA 28.1028; see *People v Foster,* 51 Mich App 213, 215; 214 NW2d 723 (1974).

Defendant Collins also claims that the trial court erred in refusing to grant his motion for mistrial when co-defendant Clark introduced evidence allegedly indicating that both defendants wanted to plead guilty but that the prosecutor would not consider such a plea. At the beginning of the trial, the trial court ruled that the evidence in question was inadmissible, and specifically instructed counsel for defendant Clark to that effect. Notwithstanding this fact, Clark's attorney proceeded to introduce evidence with the intent to indicate to the jury that one or both of the co-defendants had offered a plea of guilty which the prosecutor had rejected. The trial court, in accordance with its prior ruling, ruled this evidence inadmissible. While we are of the opinion that the actions of defendant Clark's counsel were improper, we do not feel that his actions make a mistrial necessary.

The test for a mistrial motion is not whether there were some irregularities but instead did the defendants have a fair and impartial trial. *People v Foster, supra, People v Watson,* 307 Mich 596, 606; 12 NW2d 476, 480 (1943). After reviewing the record carefully, we are of the opinion that the actions of counsel for defendant Clark did not deny defendant Collins a fair and impartial trial and, therefore, it was not error to deny the motion for mistrial. The instructions of the court at the conclusion of the trial were sufficient to inform the

jury on how to evaluate what was presented to them. If defendant Collins felt that either an immediate cautionary instruction or further final instruction to the jury was necessary, a request should have been made. See *People v Foster, supra, People v Peck,* 39 Mich App 150; 197 NW2d 346 (1972). Therefore, since defendant Collins was not denied a fair and impartial trial, the trial court did not commit reversible error when it denied his motion for a mistrial. *People v Bennett,* 52 Mich App 742, 749; 218 NW2d 407 (1974).

Next, both defendants assert that numerous remarks of the prosecutor during closing and rebuttal argument were so prejudicial as to deny defendants a fair and impartial trial. However, defendants objected to only one of these statements. The question of the appropriateness of the other statements is not now properly before us, since we are of the opinion that an objection and appropriate instruction could have cured any alleged prejudice resulting from the remarks in question. *People v Harrell,* 54 Mich App 554, 559; 221 NW2d 411 (1974), *People v McLendon,* 51 Mich App 543; 215 NW2d 742 (1974), *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974). The statement of the prosecutor to which an objection was properly made only involved a comment on an inference which could logically be drawn from the evidence. *People v Cunningham,* 21 Mich App 381; 175 NW2d 781 (1970), *lv den* 383 Mich 809 (1970). We find no error.

The next contention raised by defendants is that the trial court erred in its instructions to the jury when it included a charge of aiding and abetting. Defendants argue that since the information filed by the prosecutor never included a charge of aiding and abetting, the charge was erroneous and resulted in a denial of due process.

We disagree. We consider this Court's statement in *People v Hooper,* 50 Mich App 186, 191–192; 212 NW2d 786 (1973), *lv den* 391 Mich 808 (1974), to be dispositive of this issue:

"The first claim of error raised on appeal is that the information charged the defendant with larceny from a building but the trial court instructed the jury on aiding and abetting, despite the fact that he was not charged, in the information, as an aider and abettor. It is contended now that this procedure resulted in a denial of due process since he was not given notice of the charges against him.

"We do not agree. It is well settled that an aider and abettor may be indicted, tried, and on conviction punished as a principal and no denial of due process results from charging an aider and abetter as a principal. *People v Lamson,* 44 Mich App 447; 205 NW2d 189 (1973); *People v Palmer,* 42 Mich App 549; 202 NW2d 536 (1972); *People v Dockery,* 20 Mich App 201; 173 NW2d 726 (1969); *People v Elmer Weatherspoon,* 6 Mich App 233; 148 NW2d 891 (1967)."

The next contention raised by defendant Collins is that his conviction must be reversed due to the prosecutor's reference to prior misconduct which did not result in conviction.

Defendant Collins failed to object to any of the allegedly improper questions, and this precludes appellate review unless a manifest injustice is shown. *People v Hooper, supra, People v LeRoy Goodwin,* 40 Mich App 709; 199 NW2d 552 (1972). The questions posed by the prosecutor related to a defense witness's failure, when he was filling out a form to purchase a gun, to acknowledge that he had been convicted of a crime:

"*Q.* Did you fill out a request to purchase those guns?
"*A.* Yes, I did.

*"Q.* What did you say on the form, where it asks, have you ever been convicted of a crime?

*"A.* I said no.

*"Q.* You lied, and you want the jury to believe your testimony today?

*"A.* Yes, I do."

It is important to note that the fact of the gun purchase and the existence of the witness's prior convictions had already been brought out on direct examination by defendant Collins' attorney.

Under these circumstances, we do not feel that a miscarriage of justice resulted from this questioning. The cross-examination in question does not indicate that the prosecutor was asking the witness about any prior convictions or offenses that did not result in conviction. The witness was not examined about any prior arrests. Rather, the witness was cross-examined concerning his direct testimony that he had purchased the guns that were found at the scene and which were used in the shooting. It must be remembered that on direct examination, the witness admitted to having been convicted of several other crimes. It is our opinion that by this cross-examination, the prosecutor was not questioning the witness about prior misconduct which did not result in conviction, but rather was attempting to show to the jury that the witness had lied in filling out his request for a gun permit and thus was not a person worthy of belief. Therefore, we find that this questioning does not necessitate reversal.

Defendant Collins next argues that he is entitled to be resentenced because the trial court considered a constitutionally invalid prior conviction and mere arrests that did not result in conviction.

As to defendant Collins' claim that the court improperly considered a constitutionally invalid

prior conviction, we refrain from considering that contention since defendant has not complied with the procedures set forth in *People v Moore,* 391 Mich 426, 440–441; 216 NW2d 770 (1974), *i.e.* defendant has not given the sentencing court the initial opportunity to resolve this claim. See *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974).

Defendant Collins' secondary claim that error resulted from the consideration at sentencing of arrests not resulting in conviction is without merit. Defendant Collins has not presented any evidence to show that the trial court relied in any way on these arrests in determining the sentence defendant was to receive, nor does he challenge the arrests as being listed inaccurately. Therefore, it is our opinion that no error was committed requiring resentencing and that defendant has suffered no prejudice. *People v Robert Hall, supra, People v Pettis,* 49 Mich App 503; 212 NW2d 266 (1973), *People v Martin,* 48 Mich App 437; 210 NW2d 461 (1973), *People v Lotze,* 47 Mich App 460; 209 NW2d 497 (1973).

Finally, we have carefully considered defendants' remaining assignments of error. No error warranting or requiring reversal of defendants' convictions has been disclosed. These claims were either not preserved on appeal or do not require decisional discussion.

Affirmed, but without prejudice to defendant Collins to bring an appropriate motion in the trial court as permitted under *People v Moore,* 391 Mich 426, 440–441; 216 NW2d 770 (1974).

All concurred.