PEOPLE v CATER

CRIMINAL LAW—SENTENCING—PRESENTENCE REPORTS—STATUTES.
A trial judge is obligated to obtain and review a presentence
report prior to the imposition of sentence in a felony case;
however, a trial judge is not bound by the sentencing recom-
mendation made in the presentence report (MCLA 769.1,
771.14).

Appeal from Shiawassee, James M. Teahen, Jr.,
J. Submitted April 15, 1975, at Detroit. (Docket
No. 21924.) Decided July 23, 1975.

Edward R. Cater tendered a plea of guilty to
possession of a controlled substance. Further pro-
ceedings were suspended and defendant was placed
on probation pursuant to a statutory procedure
available to first offenders. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gerald D. Los-
tracco,* Prosecuting Attorney, for the people.

*Schanahan & Scheid,* for defendant.

Before: ALLEN, P. J., and BRONSON and N. J.
KAUFMAN, JJ.

PER CURIAM. Defendant was charged with deliv-
ery and possession of cocaine. He requested that
the sentencing alternative available to first offend-
ers pursuant to MCLA 335.347(1); MSA

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 303.

18.1070(47)(1) be invoked in his behalf. The trial judge agreed and on August 26, 1974, without entering judgment of guilt, placed defendant on two years' probation upon terms and conditions not relevant to this appeal.

Defendant does not suggest that he received a sentence unauthorized by statute. Nor does he claim that he was denied access to the presentence report. See GCR 1963, 785.12. He argues, however, that the trial judge erred in failing to impose the sentence recommended in the presentence report. In the alternative, he asserts that the trial judge is required to enumerate his reasons for refusing to follow the probation department's advice.

A complete and accurate presentence report was prepared in this case, in accordance with statute, MCLA 771.14; MSA 28.1144, and case law. *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974), *People v Amos,* 42 Mich App 629; 202 NW2d 486 (1972). The defendant does not deny that the trial judge received and considered the information contained in the presentence report, as well as its accompanying recommendations, prior to imposing sentence. In so doing, the trial judge was fulfilling his obligation to "obtain and review a presentence report prior to the imposition of * * * sentence in a felony case". *People v Amos, supra,* at 635; see also, *People v Martin,* 48 Mich App 437, 438; 210 NW2d 461 (1973), *aff'd,* 393 Mich 145; 224 NW2d 36 (1974).

When the trial judge imposed sentence, he was exercising that discretion vested solely in him and other similarly situated judges by our Legislature. MCLA 769.1; MSA 28.1072. He was not, and could not, be bound by the sentencing recommendation of the probation officer. As our Supreme Court has pointed out:

"The trial judge, and the trial judge *alone,* makes the decision as to what his [a defendant's] sentence shall be." *People v Malkowski,* 385 Mich 244, 247; 188 NW2d 559 (1971). (Emphasis supplied.)

The trial judge in this case considered all relevant factors—the presentence report being only one of them, see *People v Burton,* 44 Mich App 732, 734–735; 205 NW2d 873 (1973)—before making his sentencing decision. In so doing he properly performed his sentencing duties and complied with every requirement of which we are aware.

Affirmed.