PEOPLE v HARBOUR

1. INDICTMENT AND INFORMATION—BILL OF PARTICULARS—SHORT FORM OF INDICTMENT—MOTIONS—STATUTES—APPEAL AND ERROR.

A bill of particulars is mandatory upon a defendant's request only when the statutory short form of indictment is used; where the statutory short form of indictment is not used, it is within the trial court's discretion whether or not a defendant needs a bill of particulars to inform him of the charge against him, and review by the Court of Appeals of a denial of the defendant's motion for a bill of particulars is to determine whether the trial court abused its discretion (MCLA 767.44; MSA 28.984).

2. INDICTMENT AND INFORMATION—BILL OF PARTICULARS—PRELIMINARY EXAMINATION.

There is no need for a bill of particulars where a preliminary examination adequately informs a defendant of the charge against him.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—VAGUENESS —STATUTES.

Challenges to criminal statutes on the grounds of vagueness must be examined in light of the facts of the case at hand; that is, whether the statute is vague as applied to the conduct allegedly proscribed in the instant case.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—STATUTES— VAGUENESS—STATUTORY CONSTRUCTION.

Reversal of a defendant's conviction because the criminal statute

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 68, 161, 166.
[2] 41 Am Jur 2d, Indictments and Informations §§ 19, 20.
[3] 16 Am Jur 2d, Constitutional Law § 552.
[4] 73 Am Jur 2d, Statutes § 346.
[5] 73 Am Jur 2d, Statutes §§ 228, 232.
[6] 73 Am Jur 2d, Statutes § 22.
[7] 4 Am Jur 2d, Appeal and Error §§ 398, 399.
[8] 21 Am Jur 2d, Criminal Law § 569.

under which he was charged was unconstitutionally vague is not required, even though the statute may be susceptible to impermissible interpretations, where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness, and where the defendant's conduct falls within the conduct proscribed by the statute as properly construed.

5. Criminal Law—Felonies—Automobiles—Possession of Stolen Automobile—Statutes.

The word "same" in the statute which makes it a felony for a person to procure, pass title to or receive or transfer possession of a motor vehicle which he knows, or has reason to believe, has been stolen refers to the motor vehicle rather than the title (MCLA 257.254; MSA 9.1954).

6. Criminal Law—Automobiles—Possession of Stolen Automobile —Actus Reus of Crime—Statutes.

The *actus reus* of statutory language which makes it unlawful for a person to receive or transfer possession of a motor vehicle with the intent to procure or pass title to the motor vehicle which he knows or has reason to believe has been stolen is active receipt or transfer of possession of a motor vehicle not merely passive possession (MCLA 257.254; MSA 9.1954).

7. Appeal and Error—Criminal Law—Sentencing—Presentence Report—Preserving Question.

A defendant may not assign as error questions relating to the presentence report where no record has been made concerning the report at the time of sentencing so that the Court of Appeals may properly review the question.

8. Criminal Law—Sentencing—Recommendation of Probation Officer.

A sentencing court is not bound by a recommendation of a probation officer.

Appeal from Saginaw, Fred J. Borchard, J. Submitted June 6, 1977, at Grand Rapids. (Docket No. 28379.) Decided July 6, 1977. Leave to appeal applied for.

Richard A. Harbour was convicted of possession of a stolen motor vehicle with intent to pass false certificate of title. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Michael J. Forster,* Assistant Prosecuting Attorney, for the people.

*Dwan & Doyle,* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

R. B. BURNS, P. J. Defendant was convicted, following a bench trial, of possession of a stolen motor vehicle with intent to pass false certificate of title contrary to MCLA 257.254; MSA 9.1954.

It was not controverted at trial that defendant sold many stolen Corvettes from his service station lot. In issue was whether defendant knew or had reason to know the Corvettes were stolen. The prosecution showed defendant was not a licensed automobile dealer; did not pay sales tax on the sales or income tax on his profits; did not keep records or receipts; made all of his purchases in cash; and misrepresented to purchasers his source of supply. On each Corvette the public vehicle identification number had been replaced by one from a properly transferred junked Chevrolet, so that defendant was able to supply each purchaser with what appeared to be good title. However, in all but one sale, defendant "jumped title" by not transferring title to himself, so that his name did not appear in the chain of title maintained by the Secretary of State. Defendant's profits were high. Defendant testified that he did not know the cars were stolen. He bought his first cars through Detroit newspaper ads, including one from a person he knew only as Matt. Matt subsequently sold him other cars at public places around Detroit, purportedly acting as agent for the true owners for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a $50 finder's fee. Defendant did not know how to contact Matt, since Matt always contacted him. Police traced the title transferred by Matt to Broaddus Matthews, who did not know defendant, but had once junked a Chevrolet.

Defendant first asserts as error a trilogy of factual determinations by the lower courts. We find first that there was sufficient evidence to support an inference that defendant knew or had reason to know the vehicles were stolen to warrant a verdict of guilty beyond a reasonable doubt. *People v Palmer,* 392 Mich 370, 376; 220 NW2d 393, 395 (1974). Considering only evidence introduced at the time defendant made his motion for directed verdict, viewed in the light most favorable to the prosecution, we find that the evidence would justify a reasonable man's conclusion that all the elements of the crime were established beyond reasonable doubt. *People v Royal,* 62 Mich App 756, 757–758; 233 NW2d 860, 861–862 (1975). The proofs at the preliminary examination were substantially similar to those at trial. We therefore find no abuse of discretion in the magistrate's decision to bind defendant over for trial. *People v Karcher,* 322 Mich 158, 163; 33 NW2d 744, 746 (1948).

Defendant's next trilogy of asserted errors focuses upon the alleged vagueness of the instruments and statute under which he was charged. He first argues that he could not tell from the complaint, warrant and information under what part of the statute he was charged, so that the trial court's denial of his motion for a bill of particulars was error. Next, he argues that he must have been charged under the third part of the statute, which the Supreme Court has held void. *People v Morton,* 384 Mich 38, 41; 179 NW2d 379, 381 (1970).

Lastly, he argues that, if he was charged under the second part of the statute, that part is void for vagueness.

The complaint, warrant and information charged, in relevant part, that defendant "did * * * possess a stolen motor vehicle * * * with intent to pass false certificate of title", followed by citation of the statute. The statute provides:

"Any person [1] who shall knowingly make any false statement of a material fact, either in his application for the certificate of title herein provided for, or in any assignment thereof, or [2] who, with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, shall receive or transfer possession of the same from or to another, or [3] who shall have in his possession any motor vehicle which he knows or has reason to believe has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, shall be deemed guilty of a felony." MCLA 257.254; MSA 9.1954.

Defendant's argument that a bill of particulars in this case was mandatory is erroneous. Defendant relies upon the last sentence of MCLA 767.44; MSA 28.984, which states:

"That the prosecuting attorney, if seasonably requested by the respondent, *shall* furnish a bill of particulars setting up specifically the nature of the offense charged." (Emphasis added.)

This sentence is a proviso to a section setting forth statutory short forms of indictment. The proviso does not apply where, as here, the indictment is not in one of the statutory short forms. *People v O'Hara,* 278 Mich 281, 302; 270 NW 298, 306 (1936), *People v Tenerowicz,* 266 Mich 276, 288;

253 NW 296, 301 (1934). Instead, we review to determine whether the trial court abused its discretion in deciding that defendant did not need a bill of particulars to inform him of the charge against him. *People v Tenerowicz, supra.*

That defendant was not charged under part one of the statute is so clear as not to require discussion. Defendant urges that he was charged under part three of the statute. In *People v Morton, supra,* the Supreme Court said that part three was defective in that it made simple possession a crime. "Unless the possession be coupled with intent to fraudulently transfer title or participate in such transfer, its proscription in the Michigan vehicle code would be inconsistent with the present title of the act." 384 Mich at 40; 179 NW2d at 381. The Court therefore held that part three "must either be treated as surplusage or deemed inconsistent with the intent of the statute and deleted from it". 384 Mich at 41; 179 NW2d at 381. Here, defendant was charged with possession with intent to pass false certificate of title. Thus, he was clearly not charged with mere possession under the void third part of the statute. Further, recital by the prosecutor, defense counsel and magistrate at the preliminary examination of the elements of the offense verify that defendant could not have thought he was being charged with mere possession. Where a preliminary examination adequately informs a defendant of the charge against him, the need for a bill of particulars is obviated. *People v Earl,* 299 Mich 579, 581; 300 NW 890, 892 (1941), *People v McKinney,* 10 Mich 54, 92–93 (1862). By process of elimination, defendant must have realized he was charged under part two of the statute. We hold that defendant was not charged under the void third part of the statute, and that the trial

court did not abuse its discretion in denying defendant's motion for a bill of particulars.

Defendant's argument that part two of the statute is vague is meritorious. However, we do not agree that part two is void for vagueness or that his conviction must be reversed.

The proper vagueness inquiry is whether the statute "does not provide fair notice of the conduct proscribed", or whether it "confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed". *People v Howell*, 396 Mich 16, 20; 238 NW2d 148, 149 (1976), accord, *People v Downes*, 394 Mich 17, 23–24; 228 NW2d 212, 215–216 (1975). The vagueness challenge must be examined in light of the facts at hand; that is, whether the statute is vague as applied to the conduct allegedly proscribed in the instant case. See *People v Howell, supra.* Even though the statute may be susceptible to impermissible interpretations, reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness, and where defendant's conduct falls within that proscribed by the properly construed statute. See *People v Howell, supra,* at 23–25; 238 NW2d at 150–152, *People v Downes, supra,* at 25–27; 228 NW2d at 216–217, *People v Purifoy,* 34 Mich App 318, 322–324; 191 NW2d 63, 64–65 (1971).

The word "same" in part two could arguably refer to "title" or "motor vehicle".

"[W]ho, with intent to procure or pass *title* to a *motor vehicle* which he knows or has reason to believe has been stolen, shall receive or transfer possession of the *same* from or to another." MCLA 257.254; MSA 9.1954. (Emphasis added.)

"Title" does not mean "certificate of title", since

the instant statute and other sections of the act use "certificate of title" when referring thereto. MCLA 257.254, 257.256–257.259; MSA 9.1954, 9.1956–9.1959. "Title" therefore refers to intangible ownership. One generally transfers "possession" of physical objects, not intangible concepts. Since the purpose of the act is to prevent traffic in stolen vehicles, it is doubtful that the Legislature intended to proscribe transfer of possession of title without regard for whether possession of the stolen vehicle was also transferred. We therefore hold that "same" refers to motor vehicle.

There also exists confusion as to whether the *actus reus* of the crime is mere passive possession or active receipt or transfer of possession. The statement by the Supreme Court in *People v Morton, supra,* at 41, 179 NW2d at 381, that part three of the statute could be treated as surplusage if the element of intent to transfer title was added, suggests that the *actus reus* of part two is mere passive possession. Further, this Court has said:

> "The elements of possession of a stolen vehicle with intent to fraudulently transfer title are: (1) *possession of a stolen vehicle*, (2) knowledge that the vehicle is stolen, (3) intent to fraudulently transfer title or participate in such transfer, and (4) that the transferee is not an officer of the law engaged at the time in performance of his duty." *People v Eroh,* 47 Mich App 669, 673; 209 NW2d 832, 834–835 (1973). (Emphasis added.)

In the instant case, the information charged mere passive possession, and defense counsel indicated at trial that the *actus reus* was passive possession. Both plaintiff and the trial court indicated the *actus reus* could be either possession or transfer.

The dicta in *Morton* and *Eroh* are clearly erroneous. The statute makes it unlawful to "receive

or transfer possession" of the motor vehicle. The *actus reus* is active receipt or transfer of possession.

It was undisputed at trial that defendant both possessed and transferred both the motor vehicle and the certificate of title. His conduct therefore falls within that proscribed by the properly construed statute, and his conviction need not be reversed. See *People v Howell, supra, People v Downes, supra, People v Purifoy, supra.*

Defendant next assigns as error the trial court's denial of his motion to consolidate similar pending charges for trial. This denial is said to have chilled his right to jury trial because he faced the prospect of exhausting repetitive trials. We decline to decide whether a defendant ever has a right to consolidate pending charges, since we detect no prejudice here. The record discloses a voluntary waiver of jury trial without objection, and defendant was spared repetitive trials by dismissal of the remaining charges.

Defendant argues that the presentence report was not sufficiently comprehensive to satisfy the statutory requirement that a presentence report be supplied before sentencing. MCLA 771.14; MSA 28.1144. At sentencing, he stated that the probation officer failed to talk to several people he had planned to, and his father stated that prison would be bad for defendant's health, and that he could supply supporting medical evidence. Defense counsel indicated he did not wish to respond to any factual allegations in the report. A copy of what purports to be the presentence report has been attached to defendant's brief. The report, and the issue as to whether it is sufficient, are not properly before this Court. Under GCR 1963, 785.12, defense counsel is given an opportunity to inspect

the report before sentencing, in order that he may respond thereto. Because the report is not part of the record supplied to this Court, we will not review alleged error in the report unless a record thereon is made before the sentencing court. *People v Sallee,* 63 Mich App 146, 152–154; 234 NW2d 180, 182–183 (1975). Mere allegations before the sentencing court that the report is inadequate are insufficient to preserve the issue.

Lastly, defendant argues that his sentence is excessive because it is longer than that recommended by the probation officer and inconsistent with modern views on sentencing. The sentencing court is not bound by the recommendation of the probation officer. *People v Cater,* 63 Mich App 41, 42; 233 NW2d 882, 883 (1975). Defendant's arguments should properly have been made to the sentencing court. See *People v Malkowski,* 385 Mich 244, 248; 188 NW2d 559, 561 (1971).

Affirmed.