PEOPLE v TURNER

Docket No. 65123. Submitted January 4, 1983, at Grand Rapids.—
Decided February 25, 1983.

Eugene Turner pled guilty in Berrien Circuit Court to a charge of
armed robbery and was sentenced to life in prison, William S.
White, J. Defendant appeals. *Held:*

1. Life imprisonment for armed robbery is not cruel and
unusual punishment in view of the violent nature of the crime.

2. In view of the extremely serious nature of the crime at
issue here, the policy favoring rehabilitation should not out-
weigh the policies favoring deterrence and the protection of
society from the offender.

3. Defendant's sentence is within the limits permitted by
statute, and the failure of the judge to articulate on the record
the factors he considered in imposing sentence was not an
abuse of discretion.

4. No advisory opinion declaring the effect of Proposal B on
defendant's sentence will be issued since the construction of
Proposal B is a collateral matter having no bearing on the
merits of defendant's appeal.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — CRUEL AND UNUSUAL
PUNISHMENT.

The dominant test controlling determination of cruel or unusual
punishment under both federal and state constitutional provi-
sions is whether the punishment is in excess of any that would

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 625 *et seq.*

Federal Constitutional guaranty against cruel and unusual punish-
ment—Supreme Court cases. 33 L Ed 2d 936.

Comment note on length of sentence as violation of constitutional
provisions prohibiting cruel and unusual punishment. 33 ALR3d
335.

[2] 21 Am Jur 2d, Criminal Law § 627.

67 Am Jur 2d, Robbery § 78.

[3] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

[4] 5 Am Jur 2d, Appeal and Error § 761.

be suitable to fit the crime (US Const, Am VIII; Const 1963, art 1, § 16).

2. ROBBERY — ARMED ROBBERY — LIFE IMPRISONMENT.

A sentence of life imprisonment following a conviction for armed robbery is not a punishment in excess of any suitable to fit the crime or one that shocks the conscience of the Court of Appeals; therefore, such sentence is not unconstitutional as being cruel or unusual punishment.

3. CRIMINAL LAW — SENTENCING.

There is no requirement that a sentencing judge articulate on the record the factors considered in imposing sentence.

4. COURTS — APPELLATE COURTS — ABSTRACT OPINIONS — FUTURE LITIGATION.

Appellate courts do not issue abstract opinions of purely academic interest or reach out to anticipate and decide controversies which may arise in future litigation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Timothy K. Dowling,* for defendant on appeal.

Before: MACKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. Defendant was sentenced to imprisonment for life and appeals by right.

Defendant first argues that life imprisonment for armed robbery is cruel and unusual punishment in violation of US Const, Am VIII and Const 1963, art 1, § 16. The dominant test controlling determination of cruel and unusual punishment under both constitutional provisions is whether the punishment is in excess of any that would be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

suitable to fit the crime. *People v Lorentzen,* 387 Mich 167, 176; 194 NW2d 827 (1972); *People v Stewart (On Rehearing),* 400 Mich 540, 554; 256 NW2d 31 (1977). Armed robbery is a crime of violence which creates a serious risk of death or great bodily harm to the victims. In view of the violent nature of the crime, we cannot say that life imprisonment is a punishment in excess of any suitable to fit the crime or that it shocks the conscience of the Court.

In *Lorentzen, supra,* pp 176-177, the Court noted that the mandatory minimum sentence for sale of marijuana was disproportionately long when compared to the sentences for other crimes involving the sale of harmful substances or for various crimes of violence. Here, we note that sentences of life imprisonment are available for other crimes involving a level of violence or a potential for harm to others analogous to that involved in armed robbery. See MCL 750.83; MSA 28.278 (assault with intent to murder), MCL 750.89; MSA 28.284 (assault with intent to rob while armed), MCL 750.209; MSA 28.406 (placing explosives with intent to destroy and cause injury to another person), MCL 750.349; MSA 28.581 (kidnapping), MCL 750.349a; MSA 28.581(1) (taking of hostages by a prison inmate), MCL 750.422; MSA 28.664 (perjury in a trial for a capital crime), MCL 750.436; MSA 28.691 (poisoning food, drink, medicine, or wells), MCL 750.511; MSA 28.779 (attempt to wreck railroad train), MCL 750.516; MSA 28.784 (forcible detention of a railroad train), and MCL 750.520b; MSA 28.788(2) (first-degree criminal sexual conduct).

Defendant points out that the *Lorentzen* Court emphasized the need of short sentences to serve the goal of rehabilitation; however, this aspect of the test was stated as follows, *Lorentzen,* 180-181:

"This test looks to a consideration of the modern policy factors underlying criminal penalties—rehabilitation of the individual offender, society's need to deter similar proscribed behavior in others, and the need to prevent the individual offender from causing further injury to society.

"Experts on penology and criminal corrections tend to be of the opinion that, *except for extremely serious crimes* or unusually disturbed persons, the goal of rehabilitating offenders with maximum effectiveness can best be reached by short sentences of less than five years' imprisonment." (Footnote omitted; emphasis added.)

In view of the extremely serious nature of the crime at issue here, we cannot say that the policy favoring rehabilitation should outweigh the policies favoring deterrence and the protection of society from the offender.

Defendant also complains of the failure of the sentencing judge to articulate on the record the factors considered in imposing sentence. Although the Court in *People v Lee,* 391 Mich 618, 638; 218 NW2d 655 (1974), stated that such an explanation would be useful, no court has ever held such an explanation to be required. See *People v Green,* 113 Mich App 699, 707; 318 NW2d 547 (1982). Because defendant's sentence falls within the limits permitted by the statute, we must decline defendant's invitation to review the trial judge's exercise of his sentencing discretion. See *People v Malkowski,* 385 Mich 244, 247-248; 188 NW2d 559 (1971), and *People v Burton,* 396 Mich 238, 243; 240 NW2d 239 (1976).

Defendant also asks us to declare the effect of MCL 791.233b[1]; MSA 28.2303(2) (1978 Initiated Proposal B) on his sentence. No such issue was before the trial court or could have been raised before the trial court in this action, and our reso-

lution of such an issue would make no difference as to whether defendant's conviction and sentence is affirmed or reversed. Appellate courts do not issue abstract opinions of purely academic interest or reach out to anticipate and decide controversies which may arise in future litigation. *Hughes v Detroit,* 217 Mich 567, 574; 187 NW 530 (1922); *Sullivan v Michigan State Bd of Dentistry,* 268 Mich 427, 429-430; 256 NW 471 (1934); *In re Phillips,* 305 Mich 636, 640; 9 NW2d 872 (1943); *Detroit v Killingsworth,* 48 Mich App 181, 183-184; 210 NW2d 249 (1973). The construction of MCL 791.233b[1]; MSA 28.2303(2) is a collateral matter having no bearing on the merits of defendant's appeal and we decline to issue an advisory opinion concerning it.

Affirmed.