PEOPLE v HART

Docket No. 68991. Submitted September 8, 1983, at Lansing.—Decided
     October 11, 1983. Leave to appeal denied, 419 Mich —.
Leon Hart was charged with one count of felonious assault and
     one count of preparation to burn real property. On the date of
     his arraignment in Saginaw Circuit Court on these charges, the
     prosecution filed a notice of intent to file a supplemental
     habitual offender information. On the same date the defendant
     was convicted on his plea of guilty to the preparation to burn
     count, Joseph R. McDonald, J. The guilty plea was entered
     pursuant to a plea bargain whereby, in exchange for defen-
     dant's plea, the prosecution would dismiss the felonious assault
     charge and would not pursue prosecution of defendant as a
     habitual offender. Sentencing took place some four months
     after the plea was entered. During that four-month period both
     a presentence report and a supplemental presentence report
     were prepared. At the time of sentencing no defense objections
     were made with respect to the delay in sentencing or to the
     nature and content of the two presentence reports. Defendant
     appeals. *Held:*

     1. Defendant's guilty plea was not rendered involuntary and
     illusory by reason of the fact that the prosecution filed a notice
     of intent to file the supplemental habitual offender information
     rather than the supplemental information itself. Under these
     circumstances, at the time of the guilty plea the prosecution

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 470, 485.
     39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19,
     20, 22.
     Court's duty to advise or admonish accused as to consequences of
     plea of guilty, or to determine that he is advised thereof. 97
     ALR2d 549.
[2, 5] 5 Am Jur 2d, Appeal and Error §§ 545, 553, 554.
[2] 21 Am Jur 2d, Criminal Law § 526.
[3] 5 Am Jur 2d, Appeal and Error § 761.
[4] 21 Am Jur 2d, Criminal Law §§ 473, 475.
     39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 22.
[5, 6] 21 Am Jur 2d, Criminal Law § 528.

could have still filed the supplemental information. Defendant, accordingly, received as a benefit of the guilty plea the benefit of both dismissal of the felonious assault charge and the nonpursuit of any habitual offender charge.

2. Defendant's failure to raise in the trial court the question of possible prejudice resulting from the delay in his sentencing either by a specific objection at the time of sentencing or by a motion to vacate the sentence leaves that question not preserved for appellate review.

3. Defendant's claim that the presentence report was not updated is without merit.

4. Since defendant was not charged as a habitual offender, the error resulting from the failure of the trial court to inform him of the sentencing consequences which might result if he were charged as a habitual offender does not mandate reversal.

5. Defendant's claim that resentencing is mandated by reason of the fact that the supplemental presentence report contained no sentence recommendation is not preserved for appellate review. Even if preserved, the sentence recommendation in the first presentence report would satisfy the statutory mandate.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — VOLUNTARY PLEAS — HABITUAL OFFENDERS — PLEA BARGAIN.

A guilty plea entered on the date of the circuit court arraignment in exchange for the prosecution's not bringing a supplemental habitual offender charge against the defendant need not be set aside on the basis that the prosecution's promise was illusory and the plea was involuntarily given because the prosecution filed only a notice to file a supplemental information rather than the supplemental information itself where, at the time of the guilty plea, the prosecution was not precluded from bringing such supplemental information, the defendant was aware of the possibility of such supplemental information being filed, the defendant received a benefit from the plea bargain because he still could have been charged and tried as a habitual offender, and the guilty plea was otherwise manifestly voluntary.

2. CRIMINAL LAW — SENTENCING — PRESERVING QUESTION — APPEAL.

A question relating to possible prejudice arising from a delay in sentencing will not be considered on appeal where the issue was not raised in the trial court by an objection at the time of sentencing or by a motion to vacate sentence on that ground.

3. COURTS — APPELLATE COURTS — ABSTRACT OPINIONS — FUTURE
   LITIGATION.

   Appellate courts do not issue abstract opinions of purely aca-
   demic interest or reach out to anticipate and decide controver-
   sies which may arise in future litigation.

4. CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS — SEN-
   TENCING.

   Failure of a trial court, when accepting a guilty plea, to inform
   the defendant of the sentencing consequences which might
   result if he were charged as a habitual offender is harmless
   error where the defendant was not thereafter charged as a
   habitual offender and his sentence was not enhanced due to his
   habitual offender status (GCR 1963, 785.7[1][c]).

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — PRE-
   SERVING QUESTION — APPEAL.

   A question relating to the content and propriety of a presentence
   report will not be considered on appeal where no objection was
   made at the time of sentencing and no motion to vacate
   sentence on that ground was made in the trial court.

6. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — SEN-
   TENCE RECOMMENDATIONS.

   The failure of a supplemental presentence report to include a
   specific recommendation for disposition does not mandate re-
   sentencing where the report being supplemented contains the
   statutorily required recommendation as to the sentence which
   should be imposed and the supplemental report does not with-
   draw that recommendation (MCL 771.14; MSA 28.1144).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Robert L. Kaczmarek,*
Prosecuting Attorney, and *Annette M. Gray,* Assis-
tant Prosecuting Attorney, for the people.

State Appellate Defender (by *John Nussbaumer),*
for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B.
BURNS and ALLEN, JJ.

PER CURIAM. On June 28, 1982, defendant was
arraigned in circuit court and defendant entered a

plea of guilty pursuant to a plea bargain. On the same date, the prosecutor filed a notice of intent to file supplemental information for prosecution as an habitual criminal. Defendant pled guilty to Count II of the information, preparation to burn real proeprty, MCL 750.77; MSA 28.272, in return for the dismissal of Count I, felonious assault, MCL 750.82; MSA 28.277, as well as in return for not being prosecuted as an habitual offender. Thereafter sentenced to a prison term of 1-1/2 to 4 years on November 4, 1982, defendant appeals as of right.

Defendant has raised nine issues on appeal, which we have consolidated into the seven issues addressed below. While none of defendant's issues require reversal, we will briefly discuss them *seriatim.*

Defendant's first issue is the claim that he is entitled to reversal of his conviction and remand for further proceedings because his guilty plea was illusory and involuntary. Specifically, defendant claims that (1) the prosecutor filed a notice of intent to file supplemental information for prosecution as an habitual criminal rather than actually filing a supplemental information, and (2) the notice of intent to file habitual offender charges was insufficient because it did not inform him of "the nature of the accusation against him" and because it did not give him notice "of the possible consequences of conviction on the underlying charge".

Defendant's claims lack merit for the following reasons: (1) The prosecutor would not have been precluded from filing a supplemental information had plea negotiations failed. *People v Shelton,* 412 Mich 565, 569; 315 NW2d 537 (1982). (2) Defendant was properly put on notice of the possibility of

habitual offender supplementation from the outset of the case. See *People v Nathaniel Johnson,* 113 Mich App 414, 421-422; 317 NW2d 645 (1982). (3) Defendant received the benefit of dismissal of Count I and of the nonfiling and nonpursuit of an habitual offender information knowing full-well that he had three prior felony convictions and that he therefore could have been charged in a supplemental information as a second, third, or fourth felony habitual offender. *People v Peete,* 102 Mich App 34, 38-39; 301 NW2d 53 (1980). (4) We find defendant's plea was manifestly voluntary, *Peete, supra,* p 38. (5) Since no supplemental information was filed there was no formal requirement that defendant be informed of the habitual offender accusation against him or its "possible consequences". Unlike an information, a notice of intent is not formally required to inform a defendant of the "accusation" or consequences thereof.

Defendant's second claim is that his "right to speedy disposition" was violated by the fact he was sentenced on November 4, 1982, approximately four months after his June 28, 1982, guilty plea. Specifically, defendant argues he was prejudiced by the delay because he was deprived of two 90-day reductions granted to all state prison inmates pursuant to the Prison Overcrowding Emergency Powers Act, MCL 800.71 *et seq.;* MSA 28.1437(1) *et seq.* Having reviewed the record, we find that defendant, when he was in the trial court, never made an objection to sentencing or a motion to vacate sentence based upon the specific grounds he now presents. This has resulted both in the nonpreservation of this issue for appeal and in the lack of a record for review. See *Trail Clinic, PC v Bloch,* 114 Mich App 700, 713; 319 NW2d 638 (1982); *People v Mack,* 112 Mich App 605, 613; 317

NW2d 190 (1981). However, were we to consider this issue we would hold it is without merit for the reasons stated in the prosecution's brief.

Defendant's third claim is that his presentence report was not updated and that the trial court erred in sentencing defendant without obtaining a new, updated presentence report. We have examined this allegation of error and find it to be without merit. We find there was an updated presentence report in this case. A September 30, 1982, presentence report was specifically prepared for the instant crime. It is replete with information concerning the instant crime and defendant. Moreover, a November 3, 1982, supplemental presentence report added even more current, updated information to the already current September report. Accordingly, we find no reversible error. See *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980); *People v Anderson,* 107 Mich App 62, 64-65; 308 NW2d 662 (1981); *People v Books,* 95 Mich App 500, 504-506; 291 NW2d 94 (1980).

Defendant's fourth claim is that, if defendant's conviction is reversed, this Court should not allow the people to reinstate both the original charges against defendant or charge defendant as an habitual offender. Since we are not reversing defendant's conviction, this issue is not ripe for a decision by this Court. We do not give "advisory" opinions. See *People v Turner,* 123 Mich App 600; 332 NW2d 626 (1983).

We have examined defendant's sentencing claims which comprise the fifth issue herein and find defendant's claims to be rendered moot by this Court's order dated September 12, 1983, denying the prosecution's motion for reconsideration and/or clarification.

Defendant's sixth claim is that the trial court

erred when it failed to advise defendant that if he was charged as an habitual offender, his sentence could be increased, GCR 1963, 785.7(1)(c). We disagree. There is no reversible error inherent in the trial court's failure to comply with GCR 1963, 785.7(1)(c) because defendant was not charged as an habitual offender and his sentence was not enhanced due to habitual offender status. *People v Lumpkin,* 85 Mich App 722, 724; 272 NW2d 585 (1978).

Finally, defendant claims he is entitled to resentencing because the November 3, 1982, supplemental presentence report withdrew the specific sentence recommendation which had been set forth in the original September 30, 1982, presentence report; thus defendant's claim is essentially that his presentence report did not include a specific written recommendation for disposition as required by MCL 771.14; MSA 28.1144 and *People v Green,* 123 Mich App 563; 332 NW2d 610 (1983).

Defendant and his attorney extensively exercised their right to allocution at sentencing and defendant's claim which constitutes this issue was not made at that time. Moreover, defendant never filed a motion to vacate sentence based upon this claim. This issue has not been preserved for appellate review and has been waived. *People v Mack, supra; People v Harbour,* 76 Mich App 552, 560-561; 257 NW2d 165 (1977), *lv den* 402 Mich 832 (1977).

Assuming *arguendo,* however, that this issue has been preserved for appellate review, we hold the November 3, 1982, supplemental presentence report did not withdraw the specific recommendation which had been set forth in the original September 30, 1982, presentence report.

The original presentence report dated Septem-

ber 30, 1982, contained the following specific written recommendation:

"Recommendation

"Minimum prison term. No court costs, fines, or restitutions * * *. The respondent has credit for 107 days."

The probation agent who prepared the abovementioned September 30, 1982, report also prepared a supplemental report dated November 3, 1982. That report contained four paragraphs. The first paragraph contained the opening sentence: "This writer has received *additional information* regarding the respondent and his pending felony case."

The last paragraph of the November 3, 1982, supplemental report states that the defendant was not a candidate for group psychotherapy and that the specific recommendation of group psychotherapy which had been made in the original report should be disregarded. No other recommendation in the original report was retracted by the supplemental report. Specifically, the supplemental report did not retract anything which had been set forth in the "Recommendation" section of the original September 30, 1982, presentence report.

Indeed, the November 3, 1982, supplemental report did not withdraw the September 30, 1982, report's specific "Recommendation" of a minimum prison term. Rather, the supplemental report simply added "new" information to the original September 30, 1982, presentence report and amended the September 30, 1982, report only by withdrawing the recommendation that defendant participate in group psychotherapy, because defendant would not be a candidate for same. *Green, supra,*

is factually distinguishable from this case. Unlike the presentence report in *Green,* the presentence report herein made a specific recommendation (which was never withdrawn).

Affirmed.